909 A.2d 1272

Michelle ZAPPALA

v.

BRANDOLINI PROPERTY MANAGEMENT, INC.; Paoli Shopping Center Limited Partnership; Paoli Shopping Center Limited Partnership II; Paoli Shopping Center Limited Partnership Phase II; United Builders & Constructors, Ltd.; Kortan General Maintenance, Inc.; The James Lewis Group t/a Brandolini Companies; James Lewis Corporation; Progress Bank; The Pep Boys—Manny, Moe & Jack t/a Pep Boys; Brubacher Excavating, Inc.; Green Design, Inc.; Carroll Contractors, Inc.; Pickering Valley Landscape, Inc.; Bala Electric; and Heyser Landscaping, Inc.

Michelle Zappala

v.

The James Lewis Group t/a Brandolini Companies; James Lewis Corporation; Progress Bank; and The Pep–Boys—Manny, Moe & Jack t/a Pep Boys Appeal of Brandolini Property Management, Inc.; Paoli Shopping Center Limited Partnership; Paoli Shopping Center Limited Partnership II; United Builders & Constructors, Ltd.; The James Lewis Group t/a Brandolini Companies; James Lewis Corporation.

Supreme Court of Pennsylvania.

Argued Oct. 17, 2005.

Decided Nov. 27, 2006.

518

520

David S. Santee, Esq., Michael A. Meehan, Esq., Carl D. Buchholz, III, Esq., for Brandolini Property Management, Inc., et al.

Joseph Raymond Viola, Esq., Philadelphia, for Michelle Zappala.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice BAER.

This case involves two slip-and-fall lawsuits arising from the same incident, consolidated for trial, and brought against numerous defendants. For ease of discussion, it will be helpful to identify the parties and designate collective terms. The first set of defendants, Appellants herein, will be referred to as "the Chester County Defendants." They are: Brandolini Property Management, Inc.; Paoli Shopping Center Limited Partnership; Paoli Shopping Center Limited Partnership II; Paoli Shopping Center Limited Partnership Phase II; United Building Constructors, Ltd.; James Lewis Group t/a Brandolini Companies; and James Lewis Corporation. The second set of defendants will be referred to as the "Philadelphia County Defendants." They are: Green Design, Inc.; Heyser Landscaping, Inc.; Progress Bank; and The Pep Boys.[1] Appellee herein is Michelle Zappala (Plaintiff), who initially brought both actions in Philadelphia County. Shortly

---

1. There were several other defendants from other Pennsylvania counties, but as their initial inclusion and subsequent dismissal are not material to this case, they need not be identified.

before trial, the trial court transferred the consolidated case to Chester County pursuant to the Chester County Defendants' "motion to transfer venue." Plaintiff appealed to the Superior Court, which reversed, returning the case to Philadelphia County for trial. We granted the Chester County Defendants' petition for allowance of appeal, and, because we agree with the Superior Court that the trial court erred in transferring venue from Philadelphia County to Chester County, we affirm, but remand to permit the Chester County Defendants to seek the same result through assertion of *forum non conveniens* or the inability to secure a fair and impartial trial in Philadelphia County.

On October 26, 1998, the day of Plaintiff's accident, PECO Energy was relocating utility poles for the Chester County Defendants, who were developing the Paoli Shopping Center.[2] PECO had contracted with Riggs Distler, a company that furnishes flag-persons for construction sites, to control passing traffic while PECO worked. Plaintiff was one such flag-person. Arriving at the site that morning, Plaintiff parked her car near the work site and adjacent to a Progress Bank branch in a parking lot belonging to The Pep Boys. As she walked across the construction site to confer with employees of PECO, Plaintiff tripped and fell on two holes on the Paoli Shopping Center construction site that were covered with leaves. She sustained injuries to her ankle and back, which resulted in four separate ankle operations, including reconstructive surgery.

Plaintiff, who resides in Delaware County, filed a complaint in Philadelphia County on August 7, 2000, alleging that she was seriously injured when she tripped and fell, and seeking $50,000 in damages for pain and suffering, medical expenses, loss of earnings, and impairment of earning power and capacity. Plaintiff named as defendants two of the Chester County Defendants and two of the Philadelphia County Defendants.[3]

2. PECO Energy is not a party to the instant action.

3. Specifically, the Chester County Defendants named were the James Lewis Group, t/a Brandolini Companies, and the James Lewis Corporation, and the Philadelphia County Defendants were Progress Bank and

Plaintiff averred that each defendant conducted substantial and continuing business in Philadelphia. Brandolini Property Management, Inc., one of the Chester County Defendants, filed preliminary objections on September 1, 2000, asserting various minor violations of the rules governing pleading, but did not challenge venue.

After learning of additional defendants, Plaintiff filed a second complaint in October of 2000, claiming the same harm as in the first complaint and naming additional Chester County Defendants and Philadelphia County Defendants, among others.[4] The complaint alleged that all defendants conducted substantial and continuing business in Philadelphia at all material times. The complaint further alleged that all defendants were involved in the ownership, possession, control, inspection, maintenance, or repair of the accident site, and that each breached its duty to Plaintiff, a business invitee, *inter alia* by allowing, causing, or failing to correct a dangerous and defective condition on the property. The Chester County Defendants filed an answer asserting, *inter alia*, that they did not conduct any business in Philadelphia.

After the trial court consolidated the two actions,[5] the case proceeded through discovery until all of the defendants except the Chester County Defendants filed motions for summary judgment, asserting that discovery established that they did not have an ownership interest or responsibility in the land where the accident occurred, and therefore breached no duty to Plaintiff. Plaintiff did not oppose these motions. This resulted in dismissal of all of the defendants except the Chester County Defendants.

The Pep Boys, both of which leased property near the accident site in Chester County.

4. Specifically, the second suit named all of the Chester County Defendants, the Philadelphia County Defendants, another defendant from Chester County, a defendant from Lancaster County, and two defendants from Montgomery County.

5. Prior to consolidation, the October, 2000 case was remanded to arbitration, which resulted in a finding in favor of all defendants. Plaintiff appealed the arbitrators' award, bringing the case back into the trial court. The trial court then consolidated the August and October 2000 cases.

Following dismissal of all other defendants, the Chester County Defendants filed a pre-trial motion entitled "motion to transfer venue" requesting that venue be transferred to Chester County pursuant to Pa.R.C.P. 1006(e),[6] arguing that Plaintiff improperly brought this case in Philadelphia County. Specifically, the Chester County Defendants argued that because Plaintiff resided in Delaware County, the accident occurred in Chester County, and all remaining defendants are situated in Chester County, venue in Philadelphia County was improper. The Chester County Defendants asserted that during the course of the litigation, Plaintiff failed to provide any facts to support her contention that the Philadelphia County Defendants were potentially liable for her injuries; when faced with interrogatories, admitted that she had no information to support her claims against the Philadelphia County Defendants; and therefore never should have named

**6.** Rule 1006 provides, in relevant part:

Venue. Change of Venue.

(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which

(1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law....

\* \* \* \*

(c)(1) [A]n action to enforce a joint or joint and several liability against two or more defendants ... may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

\* \* \* \*

(d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

(2) Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which shall designate the county to which the case is to be transferred.

\* \* \* \*

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived....

Pa.R.C.P. 1006.

the Philadelphia County Defendants. The Chester County Defendants contended that venue in Philadelphia County had never been proper because they were the only defendants against whom Plaintiff had an arguable claim, and, in contrast to the Philadelphia County Defendants, they were located in Chester County and did not conduct business in Philadelphia County.

Plaintiff opposed the motion, arguing that it was barred by the explicit language of Rule 1006(e), which provides: "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." [7] Because the Chester County Defendants did not challenge venue as improper by preliminary objection, Plaintiff argued that they waived the challenge pursuant to the plain language of Rule 1006(e).

Upon consideration of the parties' arguments, the trial court transferred the action to Chester County. In its opinion, the trial court ruled that a preliminary objection asserting improper venue must be raised at the first reasonable opportunity, which, in this case, was after the Philadelphia County Defendants had been dismissed from the case. The trial court found support for this ruling in the Superior Court case of *Jackson v. Laidlaw Transit, Inc.*, 822 A.2d 56 (Pa.Super.2003). The plaintiff in *Jackson* filed suit in Philadelphia County arising out of a car accident that occurred in Bucks County. *Id.* at 57. The defendants were the Rosenbaums, of Bucks County, one of whom was the driver and both of whom owned another involved vehicle, and Laidlaw Transit, Inc., the owner and operator of a bus that allegedly was involved in the accident. There was no question that Laidlaw conducted business in Philadelphia County. *Id.* The Rosenbaums filed preliminary objections pursuant to Rule 1006(e) challenging

7. As aptly noted by Plaintiff, there is an obvious internal conflict in the Chester County Defendants' choice of process. Although they filed a pretrial motion, admittedly well past the stage for preliminary objections, they specifically relied on Rule 1006(e), improper venue, which clearly provides that improper venue can only be raised by preliminary objection. Notably, they did not request venue to be transferred pursuant to Rule 1006(d)(1), which is premised on transferring venue "for the convenience of the parties and witnesses."

venue and alleging that Laidlaw was improperly joined as a defendant. *Id.* The trial court overruled the preliminary objections, but specified that the order was without prejudice to the Rosenbaums' right to renew the preliminary objection if Laidlaw was dismissed from the case. *Id.* After discovery, Laidlaw moved for summary judgment. The Rosenbaums filed a response supporting Laidlaw's motion, and again asking that the trial court transfer the action to Bucks County. The trial court granted summary judgment for Laidlaw and transferred venue to Bucks County. On appeal, the Superior Court affirmed. The Superior Court reasoned that once Laidlaw, which furnished the only tie to Philadelphia County, was dismissed from the case, venue in the remaining action against the Rosenbaums was properly in Bucks County, where the accident occurred and where all defendants could be served. *Id.* at 58. No further review was sought.

In the case at bar, the trial court found *Jackson* controlling, and determined that the Chester County Defendants' last opportunity to submit preliminary objections was after Plaintiff's second complaint. At that time, however, the Chester County Defendants could not have challenged venue as improper under Rule 1006(e) because venue was proper in Philadelphia County due to the inclusion of the Philadelphia County Defendants. Thus, the trial court found that the Chester County Defendants properly made their Rule 1006(e) request at the first reasonable opportunity to challenge improper venue, which was after the dismissal of the Philadelphia County Defendants.

An interlocutory appeal as of right followed. *See* Pa.R.A.P. 311(c).[8] Before the Superior Court, Plaintiff argued that the trial court erred in finding venue improper and transferring the case when the Chester County Defendants did not raise an objection to venue in a timely filed preliminary objection as required by Rule 1006(e). The Superior Court agreed, finding

---

**8.** Rule 311(c) provides that "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles." Pa.R.A.P. 311(c).

that Rule 1006(e) provides the exclusive method for raising improper venue, and pursuant to the mandatory language of the rule, improper venue must be raised by preliminary objection or be waived. *Jackson* did not support the trial court's opinion, reasoned the Superior Court, because there the Rosenbaums raised improper venue by filing a "protective" preliminary objection in accordance with Rule 1006(e), which the trial court continued without prejudice, preserving the defendant's right to raise improper venue again if Laidlaw was dismissed. Thus, the Superior Court vacated the trial court order, returning the case to Philadelphia County. *Zappala v. Brandolini Prop. Mgmt., Inc.,* 849 A.2d 1211 (Pa.Super.2004).

We granted allowance of appeal to determine whether the Chester County Defendants waived their challenge to improper venue by not raising the issue in preliminary objections in accordance with Rule 1006(e), notwithstanding that such objection would have failed because of the presence in the case of the Philadelphia County Defendants long after the time for filing preliminary objections had passed.

The Chester County Defendants argue that according to the obvious intent of Rule 1006(e), a challenge to improper venue is waived if not raised in preliminary objections only if there is a basis for challenging improper venue when preliminary objections must be filed. In this situation, where there was no basis to challenge venue at the preliminary objection stage, they argue the waiver provision cannot apply because they did not have a colorable challenge to venue due to Plaintiff's inclusion of the Philadelphia County Defendants. Accordingly, the Chester County Defendants assert that filing such an objection would have been futile and frivolous and therefore prohibited by Pa.R.C.P. 1023.1, which requires attorneys to certify that the "legal contentions [in their pleadings] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," and Rule 3.1 of the Rules of Professional Conduct, which bars a lawyer from bringing or defending a proceeding unless there is a non-frivolous basis for doing so.

In advancing their argument, the Chester County Defendants rely on a second Superior Court case that found that "questions of personal jurisdiction, venue and notice, which relate to the 'method by which a court having the power to adjudicate the matter first obtained superintendence of the cause of action,' must be raised at the first reasonable opportunity or they are waived." *Schwarz v. Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299, 1301 (1977) (quoting *Collier Twp. v. Robinson Twp.*, 25 Pa.Cmwlth. 227, 360 A.2d 839, 840 (1976)). Because they had no reasonable opportunity to exercise their right to challenge Plaintiff's choice of venue as being improper in the preliminary objection phase of the litigation, the Chester County Defendants argue that they were required to raise the improper venue issue at the first reasonable opportunity once the Philadelphia County Defendants were dismissed. Additionally, relying on *Jackson*, the Chester County Defendants argue that objections to improper venue can be interposed at any time during the litigation when venue becomes improper due to the dismissal of other defendants, even after the close of discovery or the filing of summary judgment motions.

The Chester County Defendants contend that the Superior Court's result is absurd, impossible of execution, and unreasonable. *See* Pa.R.C.P. 128(a) (providing that in ascertaining the Supreme Court's intent in the promulgation of a rule, courts may presume that "[t]he Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable"). Specifically, the Chester County Defendants argue that a plaintiff could frustrate a defendant's right to challenge improper venue and hand-pick a favorable forum by suing an entity that regularly conducts business in the plaintiff's chosen forum but has little or nothing to do with the case. If the non-forum defendant files preliminary objections challenging venue, the trial court, accepting all of the allegations in the complaint as true, will be compelled to deny the preliminary objections because of the inclusion of the forum defendant. If, on the other hand, the non-forum defendant files an answer instead, he will have forever waived his right

to file preliminary objections challenging improper venue pursuant to Rule 1006(e). This, argues the Chester County Defendants, is an absurd result.

Plaintiff's counter argument is based on the plain language of Rule 1006(e). Disputing the Chester County Defendants' argument that venue, which is proper at the time the action is commenced, can become improper in the event that certain defendants are dismissed from the case, Plaintiff argues that the propriety of venue is determined only at the time the action is commenced and is not affected by the subsequent dismissal of defendants. Pursuant to Rule 1006(c)(1), Plaintiff argues that she was entitled to bring the action in any county in which any defendant regularly conducted business. *See* Pa.R.C.P. 1006(c)(1) ("[A]n action to enforce a joint or joint and several liability against two or more defendants ... may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rule of subdivisions (a) or (b)."). Accordingly, because there is no dispute that venue in Philadelphia County was proper at the time both actions were filed due to the inclusion of the Philadelphia County Defendants, Plaintiff argues there was no transmutation into improper venue upon the dismissal of those defendants.

This appeal requires us to construe a Rule of Civil Procedure. The Rules themselves provide several principles of construction. First and foremost is the principle that the object of all interpretation is to effectuate this Court's intention. Pa.R.C.P. 127(a). In addition, every rule is to be construed to give effect to all of its provisions. Pa.R.C.P. 127(b). Further, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." Pa.R.C.P. 103(a). When ascertaining this Court's intention, it is presumed that in promulgating rules we do not intend a result that is absurd, impossible of execution, or unreasonable. Pa.R.C.P. 128(a).

We note also that the issue presented is a question of law, and our scope of review is plenary. *See Phillips v. A–*

*Best Prod. Co.,* 542 Pa. 124, 665 A.2d 1167, 1170 (1995). Our standard of review is *de novo. See In re Hickson,* 573 Pa. 127, 821 A.2d 1238, 1242 (2003). With these principles to guide us, we reiterate that Rule 1006 should be followed in order to ensure the smooth and efficient operation of the judicial process. *See Pomerantz v. Goldstein,* 479 Pa. 175, 387 A.2d 1280, 1281 (1978). We begin our analysis by examining the language of Rule 1006, which governs where a plaintiff may bring an action and provides three distinct methods for the defendant to challenge the plaintiff's choice of forum.

Relevant to this proceeding, where Plaintiff sought to enforce liability against multiple defendants, the action could have been brought against all defendants "in any county in which the venue may be laid against any one of the defendants." Pa.R.C.P. 1006(c)(1). The policy behind the rule allowing the action to be brought in any county in which venue is proper against any one of the defendants is to avoid multiplicity of suits. To determine where the Plaintiff could have brought the action, we look to Pa.R.C.P. 2179, which provides:

(a) Except as otherwise provided by an Act of Assembly, by Rule 1006(a.1) or by subdivision (b) of this rule [regarding an action against an insurance company], a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2179. Thus, reading Rule 1006(c) in conjunction with Rule 2179, a plaintiff may bring her action in any county where one corporate defendant maintains a registered office

or its principal place of business, or regularly conducts business; where the cause of action arises; or where the subject matter property is located, notwithstanding that a co-defendant resides in another county.

Because of the numerous defendants brought into this case, Plaintiff had several options as to where to file her action. She chose Philadelphia. Plaintiff's choice of forum is entitled to weighty consideration and should not be disturbed lightly. *See Walker v. Ohio River Co.*, 416 Pa. 149, 205 A.2d 43, 45 (1964); *see also Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1284 (1990) ("[A] plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied.").

Although a plaintiff, as a rule, may chose the forum in which to bring suit, that right is not absolute. Rule 1006 not only articulates where the plaintiff may bring the action, but also provides three distinct bases upon which a defendant may challenge the plaintiff's chosen forum: improper venue by preliminary objection, *forum non conveniens*, and inability to hold a fair and impartial trial. We will examine these three options individually.

First, pursuant to Rule 1006(e), the defendant may challenge venue as improper by preliminary objection. Pa. R.C.P. 1006(e) ("Improper venue shall be raised by preliminary objection and if not so raised shall be waived."). This is the exclusive method to challenge venue as "improper." A Rule 1006(e) challenge to improper venue by preliminary objection has two key components: one substantive and one procedural. Substantively, the basis for a Rule 1006(e) challenge is the defendant's belief that venue is "improper" in the plaintiff's chosen forum. The meaning of the word improper, as used in subsection (e), is, as previously noted, shaped by Rules 2179 (providing where a personal action against a corporation may be brought), 1006(a) and (b) (providing where an action may be brought) and, relevant to this proceeding, 1006(c) ("[A]n action ... against two or more defendants ... may be brought against all defendants in any county in which

the venue may be laid against any one of the defendants...."). These rules exclusively address where venue properly may be laid at the time the suit is initiated. Thus, question of improper venue is answered by taking a snapshot of the case at the time it is initiated: if it is "proper" at that time, it remains "proper" throughout the litigation.

■■■ As the substantive issue governed by Rule 1006(e) relates to venue at the beginning of litigation, procedurally Rule 1006(e) requires the defendant to challenge improper venue by preliminary objection. In contrast to the other grounds to challenge venue, as will be discussed below, only a challenge to venue as "improper" must be raised by preliminary objection. Rule 1028, which limits preliminary objections to several grounds, specifically includes "improper venue" and requires all preliminary objections to be raised at once and within twenty days of service of the preceding pleading. *See* Pa.R.C.P. 1026(a). The Note to Rule 1028 provides that "[o]f the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). *Forum non conveniens* and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2)."

■■■ Rule 1006(e)'s procedural component, limiting challenges to improper venue to preliminary objections, is especially reasonable and necessary given the considerations that guide a trial court in determining whether venue is proper. Logically, if venue is not proper in a plaintiff's chosen forum at the outset, the defendant must bring this issue to the court's attention before the case proceeds in an inappropriate forum. This is true for all like defenses that must be raised by preliminary objection, including improper venue, personal jurisdiction, and improper service. Pa.R.C.P. 1028(a).[9] These

9. Such defenses must be raised by a preliminary objection pleading, which "should be all inclusive." *Yentzer v. Taylor Wine Co.*, 409 Pa. 338, 186 A.2d 396, 398 (1962). Rule 1028(b) provides that all preliminary objections shall be raised at one time. Further, Rule 1032 provides that a party waives all defenses not raised by preliminary objection, answer, or reply. The purpose of these rules is to reduce the

issues must be resolved at the very beginning of the case, before the court expends the time and energy to become deeply involved in the litigation. If the parties fail to bring these issues to the court's attention, allowing the court to make rulings, preside over hearings, and otherwise direct the dispute's resolution, it cannot later be argued that that, for example, the trial is taking place in an improper forum. Pa.R.C.P. 1028; Pa.R.C.P. 1032 (stating that a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except any nonwaivable defense or objection); *Tops Apparel Manuf. Co. Inc. v. Rothman*, 430 Pa. 583, 244 A.2d 436 (1968) (holding that questions of personal jurisdiction must be raised by preliminary objection).

The second method for a defendant to challenge the plaintiff's choice of forum is pursuant to Rule 1006(d)(1). This option, which may be invoked at any time, permits the defendant to file a petition challenging the plaintiff's choice of forum on the basis of *forum non conveniens*, requesting transfer of the action. Pa.R.C.P. 1006(d)(1) ("For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."). The considerations guiding a court's ruling on a Rule 1006(d)(1) petition are entirely different from those regarding a Rule 1006(e) preliminary objection. Substantively, the doctrine of *forum non conveniens* provides that a court may resist imposition upon its jurisdiction, even when jurisdiction is authorized by the letter of a general venue statute. *See Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156, 160 (1997). When addressing a petition to transfer venue pursuant to Rule 1006(d), a trial court, giving the

number of dilatory steps that the defendant may take prior to filing an answer on the merits. *Yentzer*, 186 A.2d at 398. Pursuant to the plain language of Rule 1006(e), therefore, where the defendant believes that the plaintiff has chosen an improper venue, because, for instance, the defendants do not regularly conduct business in the forum, the defendant may challenge improper venue. When the defendant fails to raise Rule 1006(e) "improper venue" by preliminary objection it is waived. Pa.R.C.P. 1006(e).

required deference to plaintiff's chosen forum, is faced with the question of whether a transfer of venue of an properly filed action to a court in another county is appropriate. *Id.* at 161. In *Cheeseman,* we held that a petition to transfer venue pursuant to Rule 1006(d)(1) "should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.* at 162. The defendant may show that the plaintiff's choice of forum is vexatious by:

> establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* Unlike the analysis implicated by Rule 1006(e), a Rule 1006(d)(1) motion has little to do with whether the plaintiff's choice of forum is technically proper at the outset, because even if it is, the trial court is still vested with discretion to transfer the action to another county if the defendant meets his burden of proving that the forum is oppressive or vexatious.

 Procedurally, there are no time limitations placed on a motion to transfer venue pursuant to Rule 1006(d)(1). See Rule 1028, Note, *supra.* As discussed above, if the case is not transferred pursuant to a Rule 1006(e) preliminary objection successfully challenging the propriety of venue, it is presumptively "proper" thereafter. Nevertheless, a transfer *via forum non conveniens* is still available. An analysis pursuant to this doctrine implicitly vests considerable discretion in the trial court to balance the arguments of the parties, consider the level of prior court involvement, and consider

whether the forum was designed to harass the defendant. *Cheeseman*, 701 A.2d at 162.

Third, under Rule 1006(d)(2), the defendant may petition the court to find that a fair and impartial trial cannot be held in the plaintiff's chosen forum. Pa.R.C.P. 1006(d)(2) ("Where, upon petition and hearing, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred."). Substantively, a Rule 1006(d)(2) petition is based on the inability to hold a fair and impartial trial in plaintiff's chosen forum. Procedurally, Rule 1006(d)(2) requires a petition and hearing thereon, but, like Rule 1006(d)(1), does not impose any time constraints on when a defendant may raise this issue.

The different considerations relevant to Rule 1006(e), (d)(1), and (d)(2) demonstrate that challenges to what the rules of court have designated "improper venue" must be made at the outset, while challenges alleging *forum non conveniens* or asserting that a peculiar court is unable to hold a fair trial may be considered at any time during the proceeding. Although the considerations differ, however, a trial court's decision under Rule 1006(e), (d)(1), or (d)(2) will not be disturbed absent an abuse of discretion. *See Cheeseman*, 549 Pa. 200, 701 A.2d 156. In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. *See Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A.2d 252 (1965); *see also Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1286 (1990) ("[E]ach case rests on its own facts"). If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. *In re Mackarus' Estate*, 431 Pa. 585, 246 A.2d 661, 666–67 (1968). An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record. *In re*

*Women's Homeopathic Hosp. of Phila.*, 393 Pa. 313, 142 A.2d 292, 294 (1958).[10]

To summarize, if venue is improper, then the trial court lacks superintendence to hear the case. A challenge to improper venue, therefore, must be addressed before the case proceeds. *Caplan*, 431 Pa. 407, 246 A.2d 384. As noted, this is done *via* preliminary objections. If venue is proper at the preliminary objection stage, and at sometime thereafter a defendant raises *forum non conveniens* or questions the ability to obtain a fair and impartial trial, it is within the trial court's discretion to retain the case or transfer it to a different venue. Thus, while the failure to file a timely preliminary objection challenging improper venue pursuant to Rule 1006(e) waives the challenge, this is not the case for challenges brought pursuant to Rule 1006(d)(1) or (2), which may be raised by petition and, thus, are not subject to waiver at the preliminary objection stage. *See, e.g., Wood v. E.I. du Pont de Nemours & Co.*, 829 A.2d 707 (Pa.Super.2003) (holding that trial court did not abuse its discretion by considering company's renewed petition to transfer venue approximately two months before trial was scheduled to begin because rule governing petitions to transfer venue based on forum *non conveniens* imposed no time limit upon a party who sought to transfer venue). When venue is technically proper and cannot be challenged by preliminary objection, such as the case here where Plaintiff included defendants from the chosen forum, the rules provide a mechanism in subsection (d) if defendants

10. The distinction between the dissent's suggestion to allow an objection to improper venue to be raised late in the case, and this Opinion, disallowing such an objection outside of the time permitted for preliminary objections but permitting an objection based on Pa.R.C.P. 1006(d), is not a distinction that elevates form over substance, is merely mechanical, or just plain absurd. Rather, the question of whether venue is proper is a factual determination. If venue is proper, the case stays where it is filed, and, if it is not, the court must transfer it. Therefore, an objection to improper venue must be made before the case is substantially litigated, before the trial court invests resources in disposing of various motions and objections. In contrast, an objection to venue based on Rule 1006(d) allows the trial court to look at the circumstances and exercise discretion, balancing its involvement in the case and the parties' arguments.

desire a change of venue to another county under *forum non conveniens* to effectuate substantial justice or because of the trial court's inability to hold a fair and impartial trial.

This is the clear meaning of the language of Rule 1006. Because the words of the rule are clear and free from ambiguity, we will not disregard the letter of it under the pretext of pursuing the principle that a defendant may challenge improper venue at the first reasonable opportunity. 1 Pa.C.S. § 1921(b). We note also that if we were to disregard the plain language of Rule 1006(e) in favor of the Chester County Defendants' suggested time-frame, it would hinder the structure of pre-trial practice by interjecting a constant uncertainty as to where venue would ultimately lie. Additionally, it could possibly put the trial court in the untenable position of presiding over a case, investing great time and energy, and entering multiple pre-trial rulings, only to have the defendant raise on the eve of trial an objection to venue as improper, conceivably requiring a new trial judge to adopt rulings with which she is uncomfortable or to start anew. Such uncertainty would serve no useful purpose and was not this Court's intent when it promulgated the rules. Moreover, such a strained construction is unnecessary to ensure a fair and appropriate venue given the Rule 1006(d) alternatives.

The Chester County Defendants argue that if they are not permitted to challenge improper venue at the first reasonable opportunity, then they are without recourse to demonstrate that Chester County is a more appropriate forum. This is not true. The Chester County Defendants could have and still may challenge venue pursuant to Rule 1006(d). At this juncture, they have not done so, thus, we do not know whether such a challenge would have been or will be successful.[11]

11. As indicated, because there is no time restriction on a request to transfer venue pursuant to subsection (d), we perceive no bar to the Chester County Defendants raising this issue before the trial court on remand. Any resolution of a subsection (d) petition lies within the trial court's discretion, which, as noted, would necessarily involve balancing the inconvenience or fairness of maintaining the case in the plaintiff's chosen forum, particularly in light of the fact that the Chester County

Because the Chester County Defendants have not yet availed themselves of the opportunity to demonstrate that Plaintiff's choice of forum was oppressive or vexatious, however, this issue is not before us.

Finally, we note that the Chester County Defendants' reliance on *Jackson*, 822 A.2d 56, is misplaced and does not support the proposition that the mandatory language of the rule can be replaced with "a reasonable time." In *Jackson*, the Rosenbaums raised improper venue by timely preliminary objections in accordance with Rule 1006(e), which the trial court ruled on without prejudice to the Rosenbaums' ability to renew the objection if the other defendant was dismissed from the case. Here, in contrast, the Chester County.

Defendants never raised improper venue by preliminary objection.[12] Pursuant to Rule 1006(e), therefore, their challenge is waived.[13]

Defendants do not have any connection thereto, against the fact that significant litigation in the chosen forum has already occurred.

12. Because the Chester County Defendants did not file a protective preliminary objection raising improper venue like the defendants in *Jackson*, the propriety of such a specific course of action is not before us. However, given our discussion regarding the importance of raising all preliminary objections at the beginning of the case, and the fact that venue, proper at the time the case is filed, is always proper, we speculate that the practice of filing protective preliminary objections and then seeking a general continuance of their disposition may well run counter to the Rules' goals of finality and certainty.

13. We also reject the Chester County Defendants' reliance on *Collier*, 25 Pa.Cmwlth. 227, 360 A.2d 839, and *Schwarz*, 252 Pa.Super. 95, 380 A.2d 1299. In *Collier*, the court held that if the defendant claims that a deficiency deprives the court of jurisdiction over the matter, and the alleged defect is in the method by which the court first obtained superintendence of the cause of action, then the objection must be raised at the first reasonable opportunity or within a reasonable time or it is waived. *Id.* at 840. Because the issue in *Collier* was one of subject matter jurisdiction, not improper venue, it is inapposite.

In *Schwarz*, the Superior Court cited *Collier* and opined that "[q]uestions of personal jurisdiction, venue and notice, which relate to the 'method by which a court having the power to adjudicate the matter first obtained superintendence of the cause of action,' must be raised at the first reasonable opportunity or they are waived." 380 A.2d at 1301. The issue in *Schwartz*, however, was not improper venue pursuant to Rule 1006(e), but rather concerned personal service. This brief mention of venue, with no analysis of venue generally or of Rule 1006(e) in

 We also find meritless the Chester County Defendants' contention that challenging improper venue by preliminary objection would have been frivolous because venue was proper at that time. This simply supports our reasoning that Rule 1006(e) was not the appropriate vehicle to challenge venue in this case. Because Rule 1006(e) applies to challenges to improper venue, and venue was proper pursuant to Rule 1006(c) at the preliminary objection stage, then the only way for the Chester County Defendants to challenge venue was by Rule 1006(d)(1) or (2).[14]

In the instant case, the Chester County Defendants relied on Rule 1006(e) but did not raise their objection until after the preliminary objections stage. The Superior Court properly held that an objection to improper venue can only be raised by preliminary objection pursuant to the plain language of Rule 1006(e). Consequently, the order of the Superior Court is affirmed. The case is remanded to the trial court for proceedings consistent with this Opinion.

Chief Justice CAPPY, and Justice NEWMAN and Justice SAYLOR join the opinion.

Former Justice NIGRO did not participate in the decision of this case.

Justice EAKIN files a dissenting opinion in which Justice CASTILLE joins.

particular, does not lend support to the Chester County Defendants' contention that the plain language of Rule 1006(e) should be abandoned.

14. Respectfully, the dissent mischaracterizes this Opinion. It suggests that we force a defendant to raise an invalid protective preliminary objection to improper venue. We not only do not do so, but in note twelve suggest that such a tactic may be ineffective. The dissent proceeds to declare that this Opinion approves of forum shopping, allows a plaintiff to choose an inappropriate venue, and precludes anyone from doing anything about it. These averments are simply inaccurate. We disapprove of forum shopping and explain in detail that a defendant aggrieved by such a strategy has recourse through either *forum non conveniens* in accord with Rule 1006(d)(1) or through averment that absent a transfer there cannot be a fair and impartial trial. *See* Pa.R.C.P. 1006(d)(2). Indeed, we remand this case to provide these defendants with such an opportunity.

Justice EAKIN, dissenting.

The majority holds an objection to venue can only be raised by preliminary objections, pursuant to the plain language of Pa.R.C.P. 1006(e); any later objection is deemed waived. Majority Op., at 538–39, 909 A.2d at 1285. For the following reasons, I respectfully dissent.

As the majority notes, Rule 1006(e) clearly states that an improper venue objection must be raised in preliminary objections. Preliminary objections, in turn, must be raised within 20 days after the filing of the complaint. *See* Pa.R.C.P. 1026, 1028(a)(1). The dilemma is that venue, assessed under the circumstances at the time for preliminary objections, was proper; venue, assessed under the changed circumstances, was not proper. The change in circumstances occurred only after the time for preliminary objections was past. That is, the language of our Rules would not give a party the opportunity to raise a legitimate objection to venue in this situation. Put another way, our Rules seem to allow a party to manipulate venue by naming and preserving parties in a case until the time of preliminary objections is past.

We interpret our Rules generally according to their plain language. *Id.*, 127(b). However, we do not interpret our Rules in a manner that would lead to a "result that is absurd, impossible of execution or unreasonable[.]" *Id.*, 128(a). "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." *Id.*, 126. The majority's result forces a party to raise an invalid objection to venue—the defense here had no basis for an objection to venue within 20 days of the Complaint—then it disallows the objection when it becomes legitimate. This is a Catch–22 that would make Joseph Heller proud.

Despite the deference afforded the plaintiff's choice of forum when multiple defendants in different venues are named, this plaintiff "admitted that she had no information to support her claims against the Philadelphia County [d]efendants; and therefore never should have named [them]." Majority Op., at

525, 909 A.2d at 1277. However, by making those claims, she created venue in Philadelphia and precluded any objection to venue within the time for filing preliminary objections. Once her unwarrantedly broad choice of parties was resolved, the venue she chose had no ties to the case—venue was not only gone, it clearly had not been there in the first place. Thus, the plaintiff's wrongdoing, whether intentional or not, allowed her to choose an inappropriate venue, and under the majority's decision, precluded anyone from doing anything about it.

I find no logic or purpose in this result, which defeats our venue rules, forces the other party to make a prompt but frivolous objection to venue, precludes its legitimate objection when venue is shown not to exist, and forces a county with no ties to the case to expend the resources to try it. This, in my judgment, is a truly absurd result that cannot be within the contemplation of our Rules.

I find the majority's decision to be an approval of a forum-shopping technique that future unscrupulous parties may use to subvert the requirements of venue. I would hold that where a plaintiff is determined to have no original claim against the defendants on which plaintiff's choice of venue is based, upon dismissal of such defendants,[1] the remaining parties would be allowed 20 days from the dismissal to raise issues of improper venue under Rule 1006(e).

Accordingly, I would reverse the Superior Court order and reinstate the trial court's order transferring venue to Chester County.

Justice CASTILLE joins this dissenting opinion.

---

1. This would not apply to settlements with named defendants, but only to cases where the venue-producing defendants should not have been in the case to start with.