**Bauer v. Herr-Voss Stamco, Inc.**

C.P. of Philadelphia County, July Term, 2014 No. 0 1169

MASSIAH-JACKSON, *J.*, Jan. 6, 2015—

## ORDER

And now, this 6th of January, 2015, after consideration of the preliminary objections filed by Herr-Voss Stamco, Inc., and plaintiffs' responses thereto, after review of all supplemental memoranda and Exhibits, and oral argument held December, 3, 2014, and, for the reasons set forth in court Exhibit "A", attached hereto, it is hereby ordered that the preliminary objections are overruled in their entirety. The defendant shall file an answer to the first amended complaint within twenty (20) days from the date this order is docketed.

## Court Exhibit "A"

Mr. Francis Bauer was employed at Prior Coated Metals, Inc., Allentown, Pennsylvania, where he operated industrial metal processing machines. On December 4, 2013, Mr. Bauer was operating a Strand Extensioner. This machinery is part of a slitting line in metal coil processing. Slitting is a process that uses rotating knives to cut metals and produces "tightly wound, straight-sided slit coils of metal for industrial use." First amended complaint, Paragraphs 9, 10, 11.

When Mr. Bauer was cleaning the rollers of the Strand Extensioner, the cleaning towel was pulled into the rollers. Mr. Bauer's gloved right hand was also pulled into the slitter machinery. As a result of this accident, Mr. Bauer suffered catastrophic and permanent physical and emotional injuries, including inter alia, crush injuries to his hand, loss of four fingers, nerve damage, skin grafts, as well as past and future economic losses. Paragraphs 14, 18, 19, 21-26.

In July, 2014, plaintiff-Bauer initiated this strict liability and negligence litigation against defendant-Herr-Voss Stamco, Inc. alleging that the defendant defectively and negligently designed, manufactured, sold, serviced, inspected and maintained the Strand Extensioner.

On December 3, 2014, at the request of the defendant, this court heard oral argument on two defense motions: a) defendant-Herr-Voss' motion for reconsideration of the court's order dated November 6, 2014, which denied the defendant's petition to transfer venue (Control No. 14111876) and, b) defendant-Herr-Voss' preliminary objections Pursuant to Rule 2179(a)(2). (Control No. 14092783). After careful consideration of all of the memoranda, supplemental memoranda, Exhibits and oral presentations submitted by all parties, this court concludes that venue is proper in Philadelphia County.

A. Forum Non Conveniens (Control No. 14111876)

On November 6, 2014, defendant's petition to transfer venue to Lehigh County was denied when Her-Voss Stamco, Inc. was unable to meet its burden to establish

that Philadelphia was more than merely inconvenient to this defendant, citing *Bratic v. Rubendall*, 99 A.3d 1 (Pa. 2014); *Cheeseman v. Exterminator, Inc.*, 701 A.2d 156 (Pa. 1997).

In *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272 (Pa. 2006), the Supreme Court relied on *Cheeseman, supra* to explain that a Rule 1006(d)(1) motion provides a trial court with discretion to transfer an action to another county *if a defendant meets its burden with detailed information on the record.* The record must demonstrate that the plaintiffs chosen forum is oppressive or vexatious. The *Zappala* Court at 909 A.2d 1283, quoted *Cheeseman* at 701 A.2d 162, by noting that the defendant may show that the plaintiff's choice of forum is vexatious by:

> "establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him."

In the case at bar, defendant-Herr-Voss failed to provide an evidentiary foundation to support its argument that the burden of travel or time out of the office or a

possible disruption to business or obtaining witnesses or sources of proof would be any greater if the trial were held in Philadelphia County than in Lehigh County. No record was presented for this court to weigh where plaintiff-Bauer's co-workers or supervisors reside; or, the names of any of the Herr-Voss inspectors, mechanics and employees and where they are located; or, the location of documents, correspondence and records reflecting communications between defendant and Prior Coated Metals, Inc. and whether those documents are electronic or hard-copy or both; or, the location of the engineering plans and specifications, originals, modifications, and patent documents; or, the location of documents relating to Herr-Voss Corporation — electronic or hard-copy?

The *Bratic* Court clarified the requirements of *forum non conveniens* 99 A.3d at 6, noting "emphatically" that a plaintiffs choice of forum is entitled to weighty consideration. The party seeking to transfer has a burden to demonstrate *"on the record"* (emphasis in original) the hardship claimed. This court disagrees that a decision based solely on google maps is appropriate. The *Bratic* Court commented at 99 A.3d 10, "distance alone is not dispositive." While Lehigh County is not a neighbor of Philadelphia County, there was nothing presented in this record for this court to comprehend how travel for an hour is more than simply an inconvenience to any witness.

The *Bratic* Court noted at 99 A.3d 8, that the fact that the plaintiffs were not from Philadelphia was a peripheral factor to the issue of transfer. When considering access to proof, this court has personally presided on *multiple*

occasions where large trucks, cars and airplanes have been brought into our courtroom or, if necessary, onto the exterior sidewalks for jury views. Most experienced attorneys find that 3-D animations, as well as video and photographs brought to the large screen in Philadelphia courtrooms provide clarity and understanding for the jurors and the expert witness testimony.

When considering access to justice in the Philadelphia Courts, 99 A.3d at 8, this complex litigation will be placed on track for trial in 24 to 36 months by the first judicial district's differentiated case management protocol. The parties will be given discovery deadlines, expert deadlines and a trial date certain. All witnesses will have several months notice for pre-trial and trial scheduling.

Contrary to the notion proffered by Herr-Voss, the Supreme Court in *Bratic* clearly endorsed the presentation of affidavits to enable a court to have a record on which to consider how a potential witness' personal life or business duties would be affected by trial in Philadelphia. 99 A.3d at 9.

With regard to medical issues, there is no question that records, including films and reports, are easily sent to counsel. It is most likely that experienced counsel for all parties will arrange for video depositions of medical providers at their hospitals or offices, and at their convenience. If the parties determine that a treating physician will come to the courtroom to provide live testimony, the Philadelphia Protocol for a trial date certain will enable any witness to be afforded several months

notice for scheduling.

After considering the submissions from the parties, the order dated November 6, 2014, was reasonable in light of the memoranda and arguments of counsel. The judgment was not manifestly unreasonable. The motion for reconsideration is denied.

B. Preliminary Objections (Control No. 14092783)

Rule 2179(a)(2) of the Pennsylvania Rules of Civil Procedure states in pertinent part:

"Rule 2179. Venue

(a) Except as otherwise provided by an act of assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in ...

(2) a county where it regularly conducts business;"

When defendant-Herr-Voss filed preliminary objections, the parties were provided time to engage in discovery relating to venue by deposition and otherwise. *See*, order dated October 15, 2014. Supplemental memoranda and Exhibits were filed and oral argument was heard on December 3, 2014.

Defendant-Herr-Voss' contends that venue is not proper because it does not perform a sufficient quantity of acts in Philadelphia to "regularly conduct business" in the County. The supplemental discovery and exhibits make it clear that this privately-owned multimillion dollar enterprise successfully and strategically markets

its equipment to Philadelphia customers and regularly engages in Philadelphia business. Not only does this defendant-Company sell industrial steel and metals to companies in Philadelphia for re-sale (a "service center"), but, defendant Herr-Voss also provides continuous and on-going technical services to customers in Philadelphia.

The corporate-designee, Ms. Christa Porter, disclosed business information (subject to a protective order) for the five years from 2009 through 2014, for all of defendant's Philadelphia customers. Herr-Voss sells spare parts to Philadelphia companies, N.T. 26, 38; provides goods and services to Philadelphia companies N.T. 30; including service and calibration to levelers; and, roll and bearing changes, N.T. 41-43, 49, 50-52; and, service to shears, N.T. 48, 52, all to Philadelphia customers.

The documents and records supplied by this defendant demonstrate that Herr-Voss fulfills warranty obligations, service contracts and maintenance agreements with its Philadelphia customers — in addition to substantial industrial metal sales: December, 2008 — March 2009:

No information provided by Herr-Voss.

April, 2009 — December, 2009:

In August 2009, two service technicians spent three days replacing rolls and bearings on leveler equipment at a client's facility;

December, 2009 — December, 2010:

In April 2010, two service technicians spent four days

replacing rolls and bearings on leveler equipment at a client's facility;

In June 2010, two service technicians spent four days replacing wedges and liners on HVS's high-speed shear equipment at a client's facility;

December, 2010 — December, 2011:

In April 2011, one service technician spent two days on site replacing rolls and bearings on leveler equipment at a client's facility;

In June 2011, two service technicians spent three days replacing wedges and liners on shear equipment at a client's facility;

In September 2011, one service technician spent a day replacing rolls on leveler equipment at a client's facility;

December, 2011 — December, 2012:

In December 2011, one service technician spent three days troubleshooting and correcting equipment at a client's facility;

In May 2012, one service technician spent two days calibrating leveler equipment at a client's facility;

In June 2012, two service technicians spent three days replacing rolls and bearings on leveler equipment at a client's facility;

December, 2012 — December, 2013:

In February 2013, one service technician spent one day evaluating leveler equipment at a client's facility and advising the client on equipment repairs;

In March 2013, two service technicians spent two days calibrating leveler equipment at a client's facility; and

In April 2013, two service technicians spent three days replacing wedges and liners on shear equipment at a clients' facility.

December, 2013 — December, 2014:

Although sales of industrial metal and equipment are continuing, no explanation has been proffered why Herr-Voss ceased sending technicians into Philadelphia from the date of Mr. Bauer's accident on December 4, 2013 through the date of oral argument on December 3, 2014.

When determining whether a corporation regularly conducts business in a county, this court makes an assessment both as to quality and quantity of contacts. Venue is triggered when there is a continuous, although small amount of business activity in Philadelphia. This court concludes that there has been a substantial connection to new and existing Philadelphia customers — not random or fortuitous. For the past five years, Herr-Voss' activities with Philadelphia County have been continuous.

Each case must be analyzed under the circumstances presented. Fractions and percentages are not dispositive. Our appellate courts note that a corporation may engage "regularly" even though the acts make up a small part of the total activity of the enterprise. The contacts, sales and

182

revenues generated by Herr-Voss in Philadelphia have been purposeful and driven directly to further the business objectives of this defendant, e.g. *Cantor v. American Honda Motors*, 231 A.2d 140 (Pa. 1967); *Zampana-Barry v. Donaghue*, 921 A.2d 500 (Pa. Superior Ct. 2007).

While venue may be present in Beaver County, Butler County, Lehigh County and more, that does not negate the existence of proper venue in Philadelphia County. Venue is proper with the Court of Common Pleas of Philadelphia County. The preliminary objections filed by Herr-Voss Stamco, Inc. are overruled.