J-A26020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| SUSAN SMITH AND CHRISTOPHER ROBIN WEATHERLEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2313 EDA 2021 |
| BECKMAN COULTER, INC., BRYAN STEAM, LLC, BURNHAM, LLC, CERTAINTEED CORPORATION, CRANE CO., DEMMING DIVISION, DICKINSON COLLEGE, FISHER SCIENTIFIC INTERNATIONAL, INC., FOSTER WHEELER ENERGY CORPORATION, GENERAL ELECTRIC COMPANY, GOULDS PUMPS, INC., GRINNELL LLC, HARSCO INDUSTRIAL PATTERSON-KELLEY, HONEYWELL INTERNATIONAL, INC., ITT CORPORATION, JOHN CRANE, INC., METROPOLITAN LIFE INSURANCE CO., PEERLESS INDUSTRIES, INC., THOMAS SCIENTIFIC, TRANE US INC., UNIVAR USA, INC., UNION CARBIDE CORPORATION, VWR INTERNATIONAL, INC., WEIL MCLAIN, CO., CBS CORPORATION | : | |

Appeal from the Order Entered October 28, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191203380

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                        **FILED JUNE 6, 2023**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellants, Susan Smith and Christopher Robin Weatherley, appeal from the order entered in the Philadelphia County Court of Common Pleas, granting the petition to transfer venue filed by Appellee, Dickinson College, and transferring this case to Cumberland County.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 23, 2019, Appellants filed a complaint in the Philadelphia County Court of Common Pleas against Dickinson College and other defendants, alleging that Ms. Smith developed mesothelioma as a result of her exposure to asbestos while a student at Dickinson College in Cumberland County, Pennsylvania from 1980 to 1984.  As the trial court explained:

> Dickinson College is a non-profit educational institution incorporated in Pennsylvania, with a principal place of business in Cumberland County, Pennsylvania.  According to Google Maps, Dickinson College is located 123 miles from the Philadelphia Court of Common Pleas.
>
> [Appellants] sued 23 defendants in addition to Dickinson College.  There is no evidence that any of the other defendants is based in Philadelphia.
>
> [Ms.] Smith alleges she was exposed to asbestos while a student at Dickinson College.  All documents and physical evidence related to the litigation, including Ms. Smith's student records, and building, maintenance, construction, renovation and abatement records are located at Dickinson College in Cumberland County.  All grounds keepers, maintenance workers and facility managers, as well as any other potential fact witnesses associated with Dickinson College, are also located in Cumberland County.

_____

[1] The other parties named in the caption are not involved in this appeal.

(Trial Court Opinion, 5/17/22, at 2-3) (record citations omitted).

On April 17, 2020, Dickinson College filed a petition to transfer venue to Cumberland County pursuant to Pa.R.C.P. 1006(d), arguing that Philadelphia County would be a vexatious forum because it was chosen to inconvenience the defendants, who are located a substantial distance from Philadelphia, and to place the matter in a venue where Appellants anticipate a larger verdict. Dickinson College further alleged that the chosen forum is oppressive because the evidence is solely located within Cumberland County. (Petition, 4/17/20, at 3). On January 6, 2021, the trial court issued a rule to show cause why the petition should not be granted as to the issue of *forum non conveniens*.

The parties subsequently filed briefs regarding the issue. On March 12, 2021, Dickinson College served Appellants with its reply to Appellants' supplemental brief.[2] This reply contained the affidavits of four potential witnesses. On March 16, 2021, Appellants moved to strike the affidavits submitted by Dickinson College as untimely.

On October 28, 2021, the trial court granted Dickinson College's

---

[2] The court permitted each party to file supplemental briefs limited solely to the issue of *forum non conveniens*, by no later than March 5, 2021, and explained that affidavits must be submitted to opposing counsel within 30 days of the docketing of the rule to show cause, and corresponding depositions must occur before the date supplemental briefs were due. The court stated that replies to the supplemental briefs were to be filed by March 12, 2021. The parties agree that the electronic filing system was down on March 12, 2021, so the reply to the supplemental brief was served on March 12, 2021, but not electronically filed until March 16, 2021.

petition, and transferred the case to the Cumberland County Court of Common Pleas. Appellants filed a timely notice of appeal on November 4, 2021. The next day, the court ordered Appellants to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellants timely complied.

Appellants raise two issues on appeal:

1. Did the [trial] court abuse its discretion in ruling that [Appellee] Dickinson College had established facts on the record demonstrating that trial in Philadelphia County would be vexatious or oppressive to it?

2. Did the [trial] court abuse its discretion in refusing to grant [Appellants'] motion to strike affidavits Dickinson College filed as exhibits to its supplemental reply brief, after the date by which the court's order required them to be filed, the timing of which failed to afford [Appellants] an opportunity to depose the affiants?

(Appellants' Brief at 4).

For purposes of disposition, we combine Appellants' issues. Appellants argue that the trial court erred when it transferred venue based on *forum non conveniens*. Appellants claim Dickinson College failed to place any facts on the record to meet its burden of demonstrating that the chosen forum of Philadelphia County was vexatious or oppressive. Appellants contend the trial court ignored their argument that travel to Philadelphia County would be more convenient than travel to Cumberland County for their witnesses, many of whom would be traveling from London, England (where Ms. Smith resided) and therefore would likely travel to Philadelphia's international airport.

(Appellants' Brief at 20).

Appellants further claim that the trial court abused its discretion in denying their motion to strike the four affidavits submitted by Dickinson College together with its supplemental reply brief. Appellants contend that the affidavits were submitted after the deadline set forth in the trial court's rule to show cause, so the court should not have considered the affidavits in rendering its decision. (*Id.* at 29). Appellants conclude Dickinson College failed to show that Philadelphia County was a vexatious or oppressive chosen forum for this matter, and the court abused its discretion when it granted Dickinson College's petition to transfer. We disagree.

It is well established that a "plaintiff's choice of forum should rarely be disturbed by the grant of a Rule 1006(d)(1) petition." *Cheeseman v. Lethal Exterminator Inc.*, 549 Pa. 200, 212, 701 A.2d 156, 162 (1997).

> When ruling on a petition to transfer venue pursuant to Rule 1006(d)(1), trial courts are vested with "considerable discretion...to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant." *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, [535-36,] 909 A.2d 1272, 1283 (2006) (citing *Cheeseman,* [*supra* at 213, 701 A.2d] at 162). Accordingly, appellate courts review a trial court's ruling on a motion to transfer for an abuse of discretion. *Id.* at [536, 909 A.2d at] 1284 (citation omitted).

> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied,

> or the judgment exercised is manifestly unreasonable,
> or the result of partiality, prejudice, bias or ill will, as
> shown by the evidence o[f] the record.

*Id.* (internal citations omitted).

***Bratic v. Rubendall***, 626 Pa. 550, 560, 99 A.3d 1, 7 (2014).

Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure provides: "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).

We note that, "the term *forum non conveniens* is actually a misnomer because inconvenience is not enough reason to transfer venue. The plaintiff's choice of venue must be either vexatious, *i.e.*, intended to harass, or so oppressive as to require transfer." ***Moody v. Lehigh Valley Hosp.-Cedar Crest***, 179 A.3d 496, 507 (Pa.Super. 2018), *appeal denied*, 648 Pa. 533, 194 A.3d 116 (2018).

In ***Cheeseman, supra***, our Supreme Court set forth a defendant's burden to successfully change venue based on *forum non conveniens*:

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of [the] premises involved in the dispute. But, we stress that the defendant must show

more than that the chosen forum is merely inconvenient to him.

*Cheeseman, supra* at 213, 701 A.2d at 162 (internal footnote omitted).

To show oppressiveness, a defendant need not show "near-draconian consequences" resulting from a trial in the plaintiff's chosen forum. *Bratic, supra* at 566, 99 A.3d at 10. A defendant must show more than mere inconvenience; however, it may demonstrate oppressiveness by establishing on the record that trial in another county would provide easier access to witnesses or other sources of proof. *Cheeseman, supra* at 213, 701 A.2d at 162. If the facts of record allow the trial court to find that the plaintiff's chosen forum is "more than merely inconvenient," this Court should refrain from disturbing the trial court's ruling because we would have reached a different conclusion. *Bratic, supra* at 566, 99 A.3d at 10.

In *Bratic, supra*, the trial court granted the defendants' petition to transfer venue from Philadelphia County to Dauphin County. It based this decision on the facts that (1) the underlying claim took place in Dauphin County; (2) all defendants were from Dauphin County and no plaintiffs were from Philadelphia County; (3) eight witnesses of the defendants lived more than 100 miles from Philadelphia County and were "engaged in business activities [that] make their ability to appear at trial in Philadelphia County far more of a burden than a trial in Dauphin County;" and (4) the only connection with Philadelphia County was the fact that all defendants occasionally conducted business there. *Bratic, supra* at 555-56, 99 A.3d at 4.

J-A26020-22

The case ultimately made its way to our Supreme Court, which upheld the trial court's decision to transfer venue. *Id.* at 562, 99 A.3d at 8. The *Bratic* Court noted that "when the case involves a transfer from Philadelphia to a more distant county ..., factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]" *Id.* at 564, 99 A.3d at 9 (citation and internal quotation marks omitted). The Court explained that "Dauphin County…is not a neighbor of Philadelphia, and one needs no detailed affidavit to understand the difference in logistics necessitated by a separation of 100 miles. It is not necessary to articulate to a jurist the inherently empirical concept that distance and expedience are inversely proportional." *Id.*

Here, the trial court explained:

> In this case, there is no dispute that Dickinson College is more than 100 miles from Philadelphia, that Dickinson College is the site of the alleged asbestos exposure, and that Dickinson's witnesses and documents are all located in Cumberland County. As the Supreme Court colorfully commented, "[A]s between Philadelphia and counties 100 miles away, simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the Schuylkill Expressway." [*Bratic, supra* at 566, 99 A.3d at 10].
>
> In addition, Dickinson College submitted [several] affidavits to support its Petition. [Appellants] filed no opposing affidavits. This [c]ourt did not abuse its discretion in recognizing the oppressiveness to Dickinson College of trying this case in Philadelphia. This is especially so during COVID-19 times, when a number of defense witnesses have young children and immune-compromised family members who are at great risk if their family members must spend

- 8 -

> multiple days in a dense city with higher contagion rates than their home county.

(Trial Court Opinion at 6).

Similar to facts at issue in **Bratic**, Cumberland County, where Dickinson College and most of the evidence is located, is more than 100 miles from Philadelphia County. As the **Bratic** Court noted, where the transfer was from Philadelphia to a more distant county "factors such as the burden of travel, time out of the office, disruption to business operation, and the greater difficulty in obtaining witnesses and sources of proof are more significant." **Bratic, supra** at 564, 99 A.3d at 9. Here, the court considered multiple affidavits from witnesses who averred that a trial in Philadelphia would be oppressive and a great hardship because of personal, family, and job-related responsibilities. The court decided that given the distance, the chosen forum was so oppressive as to require transfer.

Although Appellants insist the trial court improperly considered the affidavits because they were filed beyond the timeframe set forth in the court's briefing schedule,[3] the trial court explained that "affidavits of individual witnesses were not required in this case to establish the oppressiveness of a venue more than 100 miles from the site of the alleged exposure and the location of the relevant witnesses and documents." (Trial Court Opinion at 7

_____

[3] It is unclear from the record if the trial court expressly ruled on Appellants' motion to strike the affidavits.

n.1). We agree with the trial court that the decision to transfer venue was proper even without consideration of the affidavits. ***See Bratic, supra***. Upon review, we conclude that given the totality of the circumstances, the trial court's decision to transfer venue was not an abuse of its discretion. ***See id.*** Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023