J. A19002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COREY T. KILSON | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TOP CLASS AUTO, INC., | : | No. 2695 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered July 28, 2015,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 907 March Term, 2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 02, 2016**

Top Class Auto, Inc., appeals the order of the Court of Common Pleas of Philadelphia County that denied appellant's motion for post-trial relief after the entry of judgment in favor of Corey T. Kilson in the amount of $27,396.50 and against appellant.

The facts and procedural history as recounted by the trial court are as follows:

> This matter comes before the Superior Court on appeal from a bench trial held on July 8, 2015, which resulted in a verdict for Cory Kilson (hereinafter referred to as "Appellee"). . . . On March 7, 2014, Appellee commenced a civil action against Top Class Auto, Inc. (hereinafter referred to as "Appellant"). The amount in controversy was below $50,000 and the matter was scheduled for an arbitration hearing on November 21, 2014, as part of the Court's

---

* Former Justice specially assigned to the Superior Court.

> Compulsory Arbitration Program. Both parties attended the arbitration hearing and the arbitrators entered a report and award in favor of Appellee. On December 19, 2014, a Notice of Appeal from the arbitrators' award was filed. Pursuant to the First Judicial District's Case Management program, a Case Management Order was issued on Dec. 23, 2014. (Case Mgmt. Order, December 23, 2014). The Order decreed that all counsel and parties were attached for the July 2014 trial pool, on next day notice. On July 7, 2015, all counsel, including defense counsel, were notified by telephone of the case assignment to Courtroom 696 City Hall on July 8, 2015 at 9:30 [a.m.] On July 8, 2015, the Court was called to order at approximately 9:43 [a.m.][Footnote 1] (Trial Tr. 3, July 8, 2015). [Appellee], [appellee's] counsel, and [appellee's] witness appeared as notified and were ready to proceed. At that time, the Court noted the matter was scheduled for 9:30 [a.m.] and allowed a brief recess to contact counsel for [a]ppellant. The matter was then called for trial by the court crier at approximately 9:53 [a.m.] (Trial Tr. 3, July 8, 2015). [Appellee] then proceeded with his case. The Court heard testimony from two witnesses and a closing argument from [appellee's] counsel. The court proceedings concluded at 10:09 [a.m.] without an appearance of counsel for [a]ppellant. (Trial Tr. 21, July 8, 2015).

> > [Footnote 1] The Court's record reflects a call was placed by court staff to [a]ppellant's counsel when he did not appear at the listed start time of 9:30 [a.m.]

Trial court opinion, 10/28/15 at 1-2.

At trial, appellee testified that he purchased a 2006 Pontiac Grand Prix from appellant, a used car dealer. (Notes of testimony, 7/8/15 at 5.) Appellee paid $6,000 in cash for the vehicle. (*Id.* at 6.) Appellee never received title to the vehicle. After his second trip back to appellant, he

asked for his money back and was told that he could not get his money back. He went back a third time and was given a letter, but the letter was insufficient to serve as the registration for state vehicle inspection purposes. His inspection sticker expired. Appellee parked his car on the street and received tickets for an expired inspection sticker over a period of five or six months. Ultimately, the Philadelphia Parking Authority seized the car and sold it at auction. (*Id.* at 8-11.)

By order dated July 9, 2015, the trial court entered judgment in favor of appellee in the amount of $27,396.50. This sum consisted of the $6,000 purchase price of the vehicle, $490 in sales tax, $22.50 for the title fee, $36 for the registration fee, $848 in tickets and penalties, $15,000 in treble damages pursuant to the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2, and $5,000 in attorney's fees.

On July 14, 2015, appellant moved for post-trial relief and sought a new trial. Appellant alleged that neither appellee's counsel nor his office received any notice that the trial was called for July 8, 2015 at 10:00 a.m.[1] Appellant alleged that his counsel appeared in court at 10:00 a.m., but the courtroom was empty, except for a court clerk. Appellant included affidavits from its attorney, Jerome Gamburg, Esq. ("Attorney Gamburg"), which stated that he was in his office on July 7, 2015, from 9:30 a.m. to 3:30 p.m., except for the time between 11:30 a.m. and 1 p.m., and did not

---

[1] The trial was actually scheduled to begin at 9:30 a.m.

receive a call from the trial court informing him that a trial was scheduled for July 8, 2015. When he received a call on July 8, 2015, at 9:50 a.m. that trial was ready to begin, he alleged that he arrived at the courtroom at 10:00 a.m., but court was over for the day.[2]

On July 28, 2015, the trial court denied the motion. The trial court reasoned that appellant received notice and failed to appear without satisfactory excuse. Therefore, the trial court treated the motion as a petition to open a default judgment and denied it because appellant lacked a meritorious defense to appellee's claims.

Appellant raises the following issues for this court's review:

1. Did the trial court abuse its discretion in proceeding with a bench trial without counsel for the appellant or appellant being present without proof being offered showing that appellant's counsel had been notified by "next day" notice?

2. Did the trial court abuse its discretion in failing to permit counsel for the appellant to explain his reason for his late appearance before proceeding to trial?

3. Did the trial court abuse its discretion in failing to consider affidavits filed by two attorneys and a receptionist attesting to the fact that no

---

[2] Clint Orem, Esq., submitted an affidavit which stated he worked for Attorney Gamburg and did not receive a call on July 7, 2015 to advise them of the date and time of trial. Catie McCafferty submitted an affidavit that stated she was a telephone receptionist for another law firm and answered the phones for Attorney Gamburg on July 7, 2015, between 10 a.m. and noon but did not receive a call from the trial court giving notice about a trial the next day.

J. A19002/16

> notice was given to counsel for the appellant of
> the trial[?]

Appellant's brief at 3.

With respect to the issues raised by appellant, the trial court has ably and thoroughly addressed these issues in its opinion of October 28, 2015. This court will affirm on the basis of that opinion.

Order affirmed.

Ott, J. joins this Memorandum.

Fitzgerald, J. notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016

- 5 -

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| CORY KILSON<br>APPELLEE | SUPERIOR COURT<br>2695 EDA 2015 |
| v. | |
| TOP CLASS AUTO, INC.<br>APPELLANT | MARCH TERM, 2014<br>NO. 00907 |

OPINION

LEON W. TUCKER, J.                          DATE: OCTOBER 28, 2015

## I.    Procedural History and Facts

This matter comes before the Superior Court on appeal from a bench trial held on July 8, 2015, which resulted in a verdict for Cory Kilson (hereinafter referred to as "Appellee"). Order Entered by J. Tucker (07/10/2015). On March 7, 2014, Appellee commenced a civil action against Top Class Auto, Inc. (hereinafter referred to as "Appellant"). The amount in controversy was below $50,000 and the matter was scheduled for an arbitration hearing on November 21, 2014, as part of the Court's Compulsory Arbitration Program. Both parties attended the arbitration hearing and the arbitrators entered a report and award in favor of Appellee. On December 19, 2014, a Notice of Appeal from the arbitrators' award was filed. Pursuant to the First Judicial District's Case Management program, a Case Management Order was issued on December 23, 2014. (Case Mgmt. Order, Dec. 23, 2014). The Order decreed that all counsel and parties were attached for the July 2014 trial pool, on next day notice. On July 7, 2015, all counsel, including defense counsel, were notified by telephone of the case assignment to Courtroom 696 City Hall on July 8, 2015 at 9:30

Kilson Vs Top Class Auto, Inc.-OPFLD



A1

am. On July 8, 2015, the Court was called to order at approximately 9:43 am.[1] (Trial Tr. 3, July 8, 2015). Plaintiff, Plaintiff's counsel, and Plaintiff's witness appeared as notified and were ready to proceed. At that time, the Court noted the matter was scheduled for 9:30 am and allowed a brief recess to contact counsel for Appellant. The matter was then called for trial by the court crier at approximately 9:53 am. (Trial Tr. 3, July 8, 2015). Plaintiff then proceeded with his case. The Court heard testimony from two witnesses and a closing argument from Plaintiff's counsel. The court proceedings concluded at 10:09 am without an appearance of counsel for Appellant. (Trial Tr. 21, July 8, 2015).

Subsequently, Appellant filed a post-trial motion on July 14, 2015 seeking a new trial. The Court denied the request for post-trial relief. Appellant then filed the instant appeal. The Court ordered the Appellant to file concise statements of error complained of on appeal pursuant to Pa.R.A.P. 1925(b) (hereinafter referred to as "1925(b) Statements"). On September 3, 2015, Appellant timely filed its 1925(b) Statement. The Court will not reproduce Appellant's 1925(b) Statement verbatim but will address each complaint of error in numerical order.

## II. Legal Analysis

Absent a manifest abuse of discretion, this Court's rulings regarding the bench trial and post-trial motions in the instant matter should stand. Reilly Assocs. V. Duryea Borough Sewer Auth., 631 A.2d 621, 622 (Pa. Super. Ct. 1993). An abuse of discretion is more than a mere error of judgment. Zappala v. Brandolini Property Mgmt., Inc., 909 A.2d 1272, 1284 (Pa. 2006). It occurs when the law is overridden, the law is misapplied or the Court's judgment is "manifestly

---

[1] The Court's record reflects a call was placed by court staff to Appellant's counsel when he did not appear at the listed start time of 9:30 am.

2

A2

unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence o[f] the record." Id.

### A. The Court did not abuse its discretion when it allowed Appellee to proceed to trial in the absence of Appellant or Appellant's counsel as provided for under the Pennsylvania Rule of Civil Procedure 218.

Appellant argues the Court abused its discretion when it proceeded with a bench trial without inquiring into the proof of notice to both parties when the Appellant and Appellant's counsel were not present at the date and time assigned for the proceedings. The Court did not abuse its discretion when it proceeded with trial without the presence of Appellant's counsel, pursuant to Pennsylvania Rule of Civil Procedure 218. Additionally, the Court did inquire as to notice of trial being given to counsel and was assured that notice was given by Court Administration.

Under the Pennsylvania Rules of Civil Procedure, when an appeal from compulsory arbitration is before the court, a plaintiff may either proceed to trial or request dismissal of the appeal and a reinstatement of the arbitration award if the defendant is not ready when the case is called for trial. Pa. R. Civ. P. 218. A party will be "deemed to be not ready without satisfactory excuse" if he is absent from the proceeding. Id. Notably absent from this rule is the requirement that the court proactively determine whether all parties received notice of the trial date, although this Court did in fact inquire into notice to the parties.

The Philadelphia County local court rules stipulate that all arbitration appeals shall be listed for trial in a monthly trial pool corresponding to the Case Management Order issued for the particular matter. Phila. Cnty. Civ. R. 215. The monthly trial pool corresponds to a specific calendar month. Id. Cases within a particular trial pool are subject to a "'next day minimum' notice basis." Phila. Cnty. Civ. Div. Admin. J. Admin. Order 98-1. Cases in the monthly pool are assigned no later than 3:00 p.m. on the day prior to the start of trial. Id. As such, counsel are expected to

3

*A3*

anticipate a case being listed for trial for the duration of the calendar month. Id. This Court was notified by Court Administration and Plaintiff's counsel that proper notice was given to both parties prior to 3:00 pm on the day prior to the start of trial. There is no basis for the Court to find the statement of Court Administration as untrue.

Although Pa. R. Civ. P. 218 does not require the court to contact parties who are absent from the proceedings prior to the start of trial, this Court independently directed its staff to contact Appellant's counsel regarding his absence. (Trial Tr. 4, July 8, 2015). When the Appellant and his counsel did not appear by 9:50 am, twenty minutes after the trial's listed start time, the Court properly proceeded to hear the case. (Trial Tr. 3-4; July 8, 2015). The Court did not abuse its discretion when it allowed Appellee to proceed to trial in the absence of Appellant or Appellant's counsel, as provided for under the Pennsylvania Rule of Civil Procedure 218.

### B. The Court did not abuse its discretion when it declined to reopen the proceedings to allow defense counsel to offer proof regarding his failure to appear at trial.

Appellant argues the Court abused its discretion when it declined to hear ex parte evidence from Appellant's counsel regarding his absence at trial after the proceedings had closed and the Appellee was excused to leave the courtroom.

Under the controlling Pa.R.C.P. 218, the court may presume the absent party is not ready for trial without a satisfactory excuse when that party is absent from the proceeding. The trial court may proceed to trial without determining if there is a satisfactory excuse for counsel's absence. Anderson v. Pennsylvania Fin. Responsibility Assigned Claims Plan, 637 A.2d 659, 661 (Pa. Super. Ct. 1994).

In the instant matter, the Court properly exercised its discretion when it declined to ex parte reopen the proceedings to allow Appellant's counsel to establish cause for his absence from trial.

4

A4

The Court was not required to reopen the proceedings or to hold a separate hearing to determine why Appellant's counsel failed to appear for trial at the listed date and time. Counsel was presumed not ready for trial without a satisfactory excuse after failing to appear when the case was called. Therefore, the Court did not abuse its discretion when it declined to ex parte reopen the proceedings to allow defense counsel to offer proof regarding his failure to appear at trial, after the Court was adjourned and the Court left the bench and the courtroom.

### C. The Court did not abuse its discretion when it declined to grant Appellant post-trial relief on the basis of affidavits offered by Appellant's counsel.

Appellant argues the Court abused its discretion when it denied Appellant's post-trial motion, which was accompanied by affidavits from counsel's staff.

When a defendant fails to appear at trial and the plaintiff decides to proceed with the case pursuant to Pa.R.C.P. 218, judgment against the defendant is not automatic. Com. v. 1992 Chevrolet, 844 A.2d 583, 586 (Pa. Commw. Ct. 2004). If the plaintiff carries the burden of proof for the particular matter, he or she must still meet that burden in the absence of the opposing party. Id. If the court finds this burden has been met and an adverse verdict is entered, it is subject to post-trial relief. Melvin v. Melvin, 580 A.2d 811, 818 (Pa. Super. Ct. 1990). In its request for post-trial relief, a party may request a new trial on "equitable grounds similar to those which permit the opening of a default or confessed judgment." Id. The opening of default judgment is warranted when the petitioner "states a meritorious cause of action or defense." Pa.R.C.P. 237.3(b). To succeed on a petition to open judgment, the petitioner must (1) timely file the petition to open, (2) state the reason for the failure to file a timely answer or appear, and (3) show a meritorious defense. PNC Bank, N.A. v. Unknown Heirs, 929 A.2d 219, 228 (Pa. Super. Ct. 2007). The Court would forego this type of analysis only if the defendant did not receive proper service or notice of the

5



proceedings in which the judgment was entered. Id. The trial court has the discretion to open a judgment and its ruling should not be disturbed absent a manifest abuse of discretion. Id.

Appellant failed to present a meritorious defense, which would have warranted an opening of the adverse judgment entered after the Court heard evidence from the Appellee about the claims of unfair consumer practices. In the instant matter, the plaintiff exercised his right to proceed to trial in the absence of the defendant. However, a judgment against defendant was not automatically entered. The court heard testimony from two witnesses before concluding the proceedings and ultimately finding in favor of the Appellee pursuant to the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2. Order. Entered by J. Tucker (07/10/2015). In order to successfully open this adverse judgment, the Appellant was required to timely file a petition to open and present a meritorious defense. Additionally, this Court would have to excuse the Appellant's failure to appear at the hearing.

Although the Appellant failed to file a petition to open and instead filed a post-trial motion for a new trial, this Court still considered whether the Appellant presented a meritorious defense against the claims of unfair and deceptive consumer practices. In its post-trial motion, Appellant did not offer a defense against Plaintiff's claims that the Appellant failed to provide a title for a vehicle purchased by the Appellee, in violation of consumer protection laws. Furthermore, Appellant admitted in its Answer to the Complaint that it failed to provide title to Appellee a year following the sale and anticipated a new title to be available for the Appellee "in the near future." (Def.'s Answer, Lines 6, 9). As such, the Court did not abuse its discretion when it declined to grant Appellant's post-trial motion on the basis of affidavits offered by Appellant's counsel, as Appellant failed to offer a meritorious defense required to open the adverse judgment.

6

A6

**D. The Court did not abuse its discretion when it discussed Appellant counsel's credibility in its July 28, 2015 order when there were discrepancies between the official trial transcript and counsel's sworn affidavits.**

Appellant argues the Court abused its discretion when it noted inconsistencies between the official trial transcript and Appellant's claims in its motion for post-trial relief and accompanying affidavits.

In Appellant's July 14, 2015 post-trial motion, Appellant claims that counsel "ran to the courtroom and appeared at 10 A.M. where the courtroom was empty except for a court clerk" after receiving a call from chambers regarding his absence from the proceedings. (Def.'s Post Trial Motion, Lines 5, 6). Additionally, Appellant offers three affidavits in support of the Motion for Post-Trial Relief. In the sworn affidavit of counsel Jerome Gamburg, Esq., he attested that "upon (his) arrival at the courtroom at 10AM there was no one present except a clerk." (Gamburg Aff. 1). However, the official transcription of the proceedings reveals the court was still in session at 10:00 am and the proceedings officially concluded at 10:09 am. (Trial Tr. 21, July 8, 2015). The Court did not immediately leave the bench at 10:09 am. The Court appropriately noted this discrepancy in its July 28, 2015 Order with the remark that "counsel's allegation that he arrived at 10:00 AM and found an empty courtroom casts doubt on counsel's credibility." Order Entered by J. Tucker (7/28/2015). The Court went on to note "Plaintiff's case lasted until well after 10:00 AM. Counsel did not appear." Id. Subsequently, Appellant attempted to correct this discrepancy by stating "defense counsel appeared at *10:20am* and found the Courtroom empty except for the court crier" in its 1925(b) Statement. (1925(b) Statement 1) (emphasis added). Therefore, the Court did not abuse its discretion when it discussed Appellant counsel's credibility in its July 28, 2015 order as there were discrepancies between the official trial transcript and counsel's sworn affidavits.

7

A7

## III. Conclusion

The Court did not abuse its discretion in proceeding to trial after Appellant's counsel was absent from trial even though Appellant and Appellant's counsel were attached to the July 2015 trial pool. The Court properly entered judgment in favor of the Appellee as it met the requisite burden of proof. The Court's ruling should stand.

BY THE COURT:

_____
LEON W. TUCKER, J.

8

A8