J-S89005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES BURGESS AND KAY SHARON BURGESS, H/W, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CLARK ELECTRICAL CONTRACTORS, INC., CHRISTOPHER CLARK, CABOT OIL AND GAS CORPORATION, CABOT PETROLEUM CORPORATION, CABOT OIL & GAS CORPORATION OF DELAWARE, CABOT OIL & GAS CORPORATION OF WEST VIRGINIA, CABOT OIL & GAS HOLDINGS COMPANY, CABOT OIL & GAS MARKETING CORPORATION, CABOT OIL & GAS WESTERN CORPORATION, CABOT PETROLEUM NORTH SEA, LIMITED, CABOT OIL, DIALIGHT CORPORATION, ROYAL ELECTRIC SUPPLY COMPANY, D/B/A ROYAL ELECTRIC SUPPLY CO., NATIONAL OILWELL VARCO, INC., NATIONAL OILWELL VARCO, L.P., NATIONAL OILWELL VARCO HOLDINGS LLC, NATIONAL OILWELL VARCO, | |
| Appellees | |

------------------------------------------------

| | |
|---|---|
| JAMES BURGESS AND KAY SHARON BURGESS, H/W, | |
| v. | |
| PATTERSON UTI, PATTERSON-UTI ENERGY, INC., PATTERSON-UTI DRILLING COMPANY, LLC, PATTERSON-UTI DRILLING COMPANY SOUTH LP, PATTERSON-UTI DRILLING COMPANY WEST LP, PATTERSON-UTI DRILLING INTERNATIONAL, INC., PATTERSON DRILLING SERVICES LP, PATTERSON UTI MANAGEMENT SERVICES, LLC, | |

PATTERSON-UTI INTERNATIONAL
HOLDINGS, INC., PEI/GENESIS INC.,
PATTERSON-UTI DRILLING SERVICES
LP, LLLP, PATTERSON-UTI DRILLING
COMPANY, LP, PATTERSON-UTI
DRILLING COMPANY LP, LLLP,

                     Appellees            No. 3018 EDA 2015

Appeal from the Order August 27, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1412-01798, 1412-01813

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:         **FILED FEBRUARY 03, 2017**

James Burges and Kay Sharon Burgess, husband and wife (collectively "Appellants"), appeal from the order entered on August 27, 2015, in the Philadelphia County Court of Common Pleas that sustained Appellees'[1] preliminary objections as to improper venue and transferred this matter to Susquehanna County. We reverse and remand with instructions.

The factual background of this matter is as follows:

On December 12, 2012, a light fixture fell off a drill rig and hit [Appellant James Burgess] while he was working on the drill rig. As a result, Mr. Burgess is now a quadriplegic. This incident occurred in Susquehanna County, Pennsylvania.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The underlying actions were filed separately and later consolidated by the trial court. For purposes of our discussion, we shall refer to all remaining parties in our caption collectively as "Appellees."

In December of 2014, [Appellants] commenced this action, and reinstated their Complaint on March 20, 2015. Against all [Appellees], [Appellants] brought claims for negligence, recklessness with a request for punitive damages, and a loss of consortium claim on behalf of [Appellant Kay Sharon Burgess].

On August 18th, 2015, this case was consolidated with another related case under Case ID 141201813. On August 27th, this [c]ourt issued an order in this case, sustaining [Appellees' preliminary objections] as to improper venue in Philadelphia County and to transfer venue to Susquehanna County. On September 22, 2015, this [c]ourt issued an Order denying [Appellants'] Motion for Reconsideration.

On October 5, 2015,[2] [Appellee] Royal Electric Supply Company, whose principal place of business is in Philadelphia, PA, was excused from this case. On July 8, 2015, [Appellee] PEI/Genesis, Inc., whose principal place of business is in Philadelphia, PA, was also excused [by stipulation on July 8, 2015].

Trial Court Opinion, 4/11/16, at 2.

Appellants filed a timely appeal on September 25, 2015. On appeal, Appellants present the following issues:

I. Whether the lower court committed an error of law or abused its discretion by transferring this matter to the Court of Common Pleas of Susquehanna County despite the fact that venue in Philadelphia County was appropriate under Rule 1006(c)(1) because several defendants joined at the initiation of the case maintained principal places of business in Philadelphia County?

II. Alternatively, whether the lower court committed an error of law or abused its discretion by not considering any evidence and not permitting the parties to complete venue discovery before

---

2 While the stipulation dismissing Royal Electric Supply Company was entered on the docket on October 5, 2015, the signatures of counsel for Appellants and counsel for Royal Electric Supply Company were dated July 23, 2015 and July 16, 2015, respectively.

ruling on the preliminary objections and transferring the case to the Susquehanna County Court of Common Pleas?

Appellants' Brief at 4.

The decision to transfer venue is within the discretion of the trial court, and we shall not disturb that decision absent an abuse of discretion. *Scarlett v. Mason*, 89 A.3d 1290, 1293 (Pa. Super. 2014) (citation omitted). "Ordinarily, a plaintiff's choice of forum carries great weight, but it is not absolute or unassailable." *Id*. (citation omitted). "Moreover, the presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." *Id*. (citation omitted).

The exclusive method to challenge venue as "improper" is by filing a preliminary objection. Pa.R.C.P. 1006(e) ("Improper venue shall be raised by preliminary objection and if not so raised shall be waived.").

> A Rule 1006(e) challenge to improper venue by preliminary objection has two key components: one substantive and one procedural. Substantively, the basis for a Rule 1006(e) challenge is the defendant's belief that venue is improper in the plaintiff's chosen forum. The meaning of the word improper, as used in subsection (e), is, as previously noted, shaped by Rules 2179 (providing where a personal action against a corporation may be brought), 1006(a) and (b) (providing where an action may be brought) and, relevant to this proceeding, 1006(c) (An action ... against two or more defendants ... may be brought against all defendants in any county in which the venue may be laid against any one of the defendants.). These rules exclusively address where venue properly may be laid at the time the suit is initiated. Thus, [a] question of improper venue is answered by taking a snapshot of the case at the time it is initiated: **if it is proper at that time, it remains proper throughout the litigation.**

- 4 -

***Zappala v. Brandolini Property Management, Inc.***, 909 A.2d 1272, 1281 (Pa. 2006) (internal quotation marks, brackets, and ellipsis omitted) (emphasis added). In its opinion, the trial court, pursuant to the holding in ***Zappala***, concedes that it erred in sustaining Appellees' preliminary objections based on improper venue and transferring venue to Susquehanna County. We agree.

As the Supreme Court in ***Zappala*** explained, venue is to be considered as a "snapshot" taken at the time the case is initiated. ***Zappala***, 909 A.2d at 1281. Thus, the snapshot here included the Philadelphia defendants/Appellees Royal Electric Supply Company, PEI/Genesis Inc., Patterson, and Cabot. As such, venue was proper in Philadelphia at the time the case was initiated. ***Id***. Accordingly, the trial court erred as a matter of law, and we reverse its order sustaining the preliminary objections regarding improper venue and transferring venue to Susquehanna County.[3]

However, our decision with respect to venue does not impact Appellees' motion to transfer venue based on *forum non conveniens* because that motion is considered separately from venue. ***Zappala***, 909 A.2d at 1284; Pa.R.C.P. 1006(d). Here, Appellees filed a motion raising *forum non conveniens* on July 30, 2015, which the trial court deemed moot due to its

---

[3] As our disposition of Appellants' first issue is dispositive, we do not reach Appellants' second issue concerning discovery.

ruling on the preliminary objections based on improper venue. Order, 8/27/15.

Because we conclude that the trial court erred in sustaining the preliminary objections as to improper venue and transferring venue to Susquehanna County, Appellees' motion raising *forum non conveniens* is no longer moot.[4] As such, we reverse the order sustaining the preliminary objections based on improper venue that resulted in this case being transferred to Susquehanna County. Thus, venue remains proper in Philadelphia County. Accordingly, we remand this matter to the Philadelphia Court of Common Pleas to address Appellees' motion to transfer based on *forum non conveniens*.[5]

---

[4] *See **Consolidation Coal Co. v. District 5, United Mine Workers of America***, 485 A.2d 1118, 1124 (Pa. Super. 1984) ("That an action is 'moot' suggests that there is a legal issue involved in a case, but because of the circumstances surrounding the case, the issue has become an academic one and will not be resolved. What 'mootness' does not suggest is that an issue was fully considered and a final judgment entered.").

[5] The order denying as moot Appellees' motion to transfer for *forum non conveniens* was not a final appealable order. ***Centerre Bank of Kansas City, N.A. v. Arthur Young & Co.***, 502 A.2d 251 (Pa. Super. 1985); Pa.R.A.P. 311. The order did not become final until the August 27, 2015 order on appeal that disposed of all claims and all parties. *See **Betz v. Pneumo Abex LLC***, 44 A.3d 27, 54 (Pa. 2012) (holding that "an appeal of a final order subsumes challenges to previous interlocutory decisions"); Pa.R.A.P. 341 note ("A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order[.]"). While we could simply reverse the order sustaining the preliminary objections as to improper venue that transferred venue to Susquehanna County and permit Appellees to file new motions raising *forum*
*(Footnote Continued Next Page)*

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017

---

*(Footnote Continued)* ——————

*non conveniens*, in the interests of judicial economy, we place the previously filed motion before the trial court and leave to the trial court's discretion whether it requires additional filings or hearings on the issue of *forum non conveniens*.