**[J-2A-2025, J-2B-2025, J-2C-2025, J-2D-2025, J-2E-2025, J-2F-2025, J-2G-2025, J-2H-2025, J-2I-2025, J-2J-2025, J-2K-2025, J-2L-2025, J-2M-2025, J-2N-2025 and J-2O-2025] [MO: Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | |
|---|---|
| MICHAEL TRANTER, AS THE ADMINISTRATOR OF THE ESTATE OF J.V., A MINOR, AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE AND LUCERO VAZQUEZ, INDIVIDUALLY, VEYSEL ERDAL GULERTEKIN, AS THE ADMINISTRATOR OF THE ESTATE OF EILEEN ZELIS ARIA, HOLLY KEHLER, ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF DENNIS L. KEHLER, ANTHONY ELLIS, QUWANJAY ELLIS, CHENG YING LIAN, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF I.O., A MINOR, JULIA KHAN, JORGE MORETA, MELANIE MORETA, EDILMA DEL ROCIO ESTUPINAN CABRERA, DENNIS ANANE, HOULEYE CAMARA, AS PARENT AND NATURAL GUARDIAN OF M.F., A MINOR, AMINATA FOFANA, FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.D., A MINOR FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.A.D., A MINOR AND FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF C.D., A MINOR<br><br><br><br>v.<br><br><br><br>Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, AND SIOUX TRUCKING, INC. | No. 18 EAP 2024<br><br>Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022, at Nos. 211001768, 211201805, 211200570, and 211201583.<br><br>ARGUED:  March 4, 2025 |

APPEAL OF: FEDERAL EXPRESS
CORPORATION, SIOUX TRUCKING, INC.,
AND BRANDON STOWERS

TAYLOR TEETS

v.

UNITED PARCEL SERVICE, INC. C/O
CORPORATION SERVICE COMPANY,
UNITED PARCEL SERVICE, INC.,
PENSKE TRUCK LEASING COMPANY,
L.P., PENSKE TRUCK LEASING
CORPORATION, PENSKE AUTOMOTIVE
GROUP, PENSKE CORPORATION, Z&D
TOURS, INC., JAGUAR TICKET, INC.
D/B/A OHIOCOACH.COM, FEDERAL
EXPRESS CORPORATION, FEDEX
CORPORATION, RYDER TRUCK RENTAL,
INC., RYDER SYSTEM, INC., SIOUX
TRUCKING, INC., BRANDON STOWERS


APPEAL OF: FEDERAL EXPRESS
CORPORATION, SIOUX TRUCKING, INC.,
AND BRANDON STOWERS

LUCERO VAZQUEZ, AMAD HUSSAIN,
JULIA KHAN, AS PARENT AND NATURAL
GUARDIAN OF A.A., A MINOR, TAURELL
FAVORS, AND ALEXIS HUMBLE

v.

Z&D TOUR, INC., OHIO COACH, INC.
D/B/A OHIOCOACH.COM, FEDERAL
EXPRESS CORPORATION, AND SIOUX
TRUCKING, INC.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 19 EAP 2024

Appeal from the Order of the
Superior Court entered on October
11, 2023, at Nos. 1746, 2343, 2421,
2426, and 2427 EDA 2022, vacating
the Order of the Court of Common
Pleas of Philadelphia County, Civil
Division, entered on June 3, 2022,
at Nos. 211001768, 211201805,
211200570, and 211201583.

ARGUED:  March 4, 2025


No. 20 EAP 2024

Appeal from the Order of the
Superior Court entered on October
11, 2023, at Nos. 1746, 2343, 2421,
2426, and 2427 EDA 2022, vacating
the Order of the Court of Common
Pleas of Philadelphia County, Civil
Division, entered on June 3, 2022,
at Nos. 211001768, 211201805,
211200570, and 211201583.

ARGUED:  March 4, 2025

[J-2A-2025, J-2B-2025, J-2C-2025, J-2D-2025, J-2E-2025, J-2F-2025, J-2G-2025, J-
2H-2025, J-2I-2025, J-2J-2025, J-2K-2025, J-2L-2025, J-2M-2025, J-2N-2025 and J-
2O-2025] [MO: Wecht, J.] - 2

APPEAL OF: FEDERAL EXPRESS : 
CORPORATION, SIOUX TRUCKING, INC., : 
AND BRANDON STOWERS : 

XUE-ZHEN CHEN, WEI-HUI HUANG, GUI- : No. 21 EAP 2024
YING REN, ZHEN FENG, ZI WEI LI, SUKIE : 
ZHENG AND SHENYUE CAO : 
 : Appeal from the Order of the
 : Superior Court entered on October
 : 11, 2023, at Nos. 1746, 2343, 2421,
 : 2426, and 2427 EDA 2022, vacating
 v. : the Order of the Court of Common
 : Pleas of Philadelphia County, Civil
 : Division, entered on June 3, 2022,
FEDERAL EXPRESS CORPORATION, : at Nos. 211001768, 211201805,
FEDEX CORPORATION, RYDER TRUCK : 211200570, and 211201583.
RENTAL, INC., RYDER SYSTEM, INC., : 
SIOUX TRUCKING, INC., BRANDON : 
STOWERS, UNITED PARCEL SERVICE, : ARGUED: March 4, 2025
INC., UNITED PARCEL SERVICE, INC., : 
PENSKE TRUCK LEASING COMPANY, : 
L.P., PENSKE TRUCK LEASING : 
CORPORATION, PENSKE AUTOMOTIVE : 
GROUP, PENSKE CORPORATION, Z&D : 
TOUR, INC., JAGUAR TICKET, INC. : 
 : 
 : 
 : 
APPEAL OF: FEDERAL EXPRESS : 
CORPORATION, SIOUX TRUCKING, INC., : 
AND BRANDON STOWERS : 

XUE-ZHEN CHEN, WEI-HUI HUANG, GUI- : No. 22 EAP 2024
YING REN, ZHEN FENG, ZI WEI LI, SUKIE : 
ZHENG AND SHENYUE CAO : 
 : Appeal from the Order of the
 : Superior Court entered on October
 : 11, 2023, at Nos. 1746, 2343, 2421,
 : 2426, and 2427 EDA 2022, vacating
 v. : the Order of the Court of Common
 : Pleas of Philadelphia County, Civil
 : Division, entered on June 3, 2022,
FEDERAL EXPRESS CORPORATION, : at Nos. 211001768, 211201805,
FEDEX CORPORATION, RYDER TRUCK : 211200570, and 211201583.
RENTAL, INC., RYDER SYSTEM, INC., : 
SIOUX TRUCKING, INC., BRANDON : 
STOWERS, UNITED PARCEL SERVICE, : ARGUED: March 4, 2025
INC., UNITED PARCEL SERVICE, INC., : 
PENSKE TRUCK LEASING COMPANY, : 
L.P., PENSKE TRUCK LEASING :

CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOUR, INC., JAGUAR TICKET, INC.

APPEAL OF: FEDERAL EXPRESS CORPORATION, SIOUX TRUCKING, INC., AND BRANDON STOWERS

XUE-ZHEN CHEN, WEI-HUI HUANG, GUI-YING REN, ZHEN FENG, ZI WEI LI, SUKIE ZHENG AND SHENYUE CAO

v.

FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON STOWERS, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOUR, INC., JAGUAR TICKET, INC.

APPEAL OF: PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, AND PENSKE CORPORATION

MICHAEL TRANTER, AS THE ADMINISTRATOR OF THE ESTATE OF J.V., A MINOR, AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE AND LUCERO VAZQUEZ, INDIVIDUALLY, VEYSEL ERDAL GULERTEKIN, AS THE ADMINISTRATOR OF THE ESTATE OF EILEEN ZELIS ARIA, HOLLY KEHLER, ON BEHALF OF THE BENEFICIARIES OF THE

No. 23 EAP 2024

Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022, at Nos. 211001768, 211201805, 211200570, and 211201583.

ARGUED: March 4, 2025

No. 24 EAP 2024

Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022,

| | |
|---|---|
| ESTATE OF DENNIS L. KEHLER, ANTHONY ELLIS, QUWANJAY ELLIS, CHENG YING LIAN, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF I.O., A MINOR, JULIA KHAN, JORGE MORETA, MELANIE MORETA, EDILMA DEL ROCIO ESTUPINAN CABRERA, DENNIS ANANE, HOULEYE CAMARA, AS PARENT AND NATURAL GUARDIAN OF M.F., A MINOR, AMINATA FOFANA, FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.D., A MINOR FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.A.D., A MINOR AND FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF C.D., A MINOR | at Nos. 211001768, 211201805, 211200570, and 211201583. ARGUED: March 4, 2025 |
| v. | |
| Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, AND SIOUX TRUCKING, INC. | |
| APPEAL OF: PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, AND PENSKE CORPORATION | |
| TAYLOR TEETS | No. 25 EAP 2024 |
| v. | Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022, at Nos. 211001768, 211201805, 211200570, and 211201583. |
| UNITED PARCEL SERVICE, INC. C/O CORPORATION SERVICE COMPANY, UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING | |

[J-2A-2025, J-2B-2025, J-2C-2025, J-2D-2025, J-2E-2025, J-2F-2025, J-2G-2025, J-2H-2025, J-2I-2025, J-2J-2025, J-2K-2025, J-2L-2025, J-2M-2025, J-2N-2025 and J-2O-2025] [MO: Wecht, J.] - 5

CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOURS, INC., JAGUAR TICKET, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON STOWERS

:
:  ARGUED: March 4, 2025
:
:
:
:
:
:
:
:
:
:
:
:

APPEAL OF: PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, AND PENSKE CORPORATION

:
:
:
:
:
:
:

LUCERO VAZQUEZ, AMAD HUSSAIN, JULIA KHAN, AS PARENT AND NATURAL GUARDIAN OF A.A., A MINOR, TAURELL FAVORS, AND ALEXIS HUMBLE

v.

Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, AND SIOUX TRUCKING, INC.

:  No. 26 EAP 2024
:
:  Appeal from the Order of the
:  Superior Court entered on October
:  11, 2023, at Nos. 1746, 2343, 2421,
:  2426, and 2427 EDA 2022, vacating
:  the Order of the Court of Common
:  Pleas of Philadelphia County, Civil
:  Division, entered on June 3, 2022,
:  at Nos. 211001768, 211201805,
:  211200570, and 211201583.
:
:  ARGUED: March 4, 2025
:
:
:

APPEAL OF: PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, AND PENSKE CORPORATION

:
:
:
:
:
:

XUE-ZHEN CHEN, WEI-HUI HUANG, GUI-YING REN, ZHEN FENG, ZI WEI LI, SUKIE ZHENG AND SHENYUE CAO

v.

:  No. 27 EAP 2024
:
:  Appeal from the Order of the
:  Superior Court entered on October
:  11, 2023, at Nos. 1746, 2343, 2421,
:  2426, and 2427 EDA 2022, vacating
:  the Order of the Court of Common
:  Pleas of Philadelphia County, Civil

FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON STOWERS, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOUR, INC., JAGUAR TICKET, INC.

APPEAL OF: PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, AND PENSKE CORPORATION

: Division, entered on June 3, 2022,
: at Nos. 211001768, 211201805,
: 211200570, and 211201583.
:
:
: ARGUED: March 4, 2025
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

MICHAEL TRANTER, AS THE ADMINISTRATOR OF THE ESTATE OF J.V., A MINOR, AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE AND LUCERO VAZQUEZ, INDIVIDUALLY, VEYSEL ERDAL GULERTEKIN, AS THE ADMINISTRATOR OF THE ESTATE OF EILEEN ZELIS ARIA, HOLLY KEHLER, ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF DENNIS L. KEHLER, ANTHONY ELLIS, QUWANJAY ELLIS, CHENG YING LIAN, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF I.O., A MINOR, JULIA KHAN, JORGE MORETA, MELANIE MORETA, EDILMA DEL ROCIO ESTUPINAN CABRERA, DENNIS ANANE, HOULEYE CAMARA, AS PARENT AND NATURAL GUARDIAN OF M.F., A MINOR, AMINATA FOFANA, FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.D., A MINOR FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.A.D., A MINOR AND FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF C.D., A MINOR

: No. 28 EAP 2024
:
: Appeal from the Order of the
: Superior Court entered on October
: 11, 2023, at Nos. 1746, 2343, 2421,
: 2426, and 2427 EDA 2022, vacating
: the Order of the Court of Common
: Pleas of Philadelphia County, Civil
: Division, entered on June 3, 2022,
: at Nos. 211001768, 211201805,
: 211200570, and 211201583.
:
: ARGUED: March 4, 2025
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

|                                                                                                                                                                                                                                                                                                                                                     |   |                                                                                                                                                                                                                                                                                                                                                   |
|---|---|---|
| v.                                                                                                                                                                                                                                                                                                                                                  | : |                                                                                                                                                                                                                                                                                                                                                   |
| Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, AND SIOUX TRUCKING, INC.                                                                                                                                                                                                                                           | : |                                                                                                                                                                                                                                                                                                                                                   |
| APPEAL OF: UNITED PARCEL SERVICE, INC.                                                                                                                                                                                                                                                                                                               | : |                                                                                                                                                                                                                                                                                                                                                   |
| TAYLOR TEETS                                                                                                                                                                                                                                                                                                                                         | : | No. 29 EAP 2024                                                                                                                                                                                                                                                                                                                                    |
| v.                                                                                                                                                                                                                                                                                                                                                  | : | Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022, at Nos. 211001768, 211201805, 211200570, and 211201583. |
| UNITED PARCEL SERVICE, INC. C/O CORPORATION SERVICE COMPANY, UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOURS, INC., JAGUAR TICKET, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON STOWERS | : | ARGUED: March 4, 2025                                                                                                                                                                                                                                                                                                                              |
| APPEAL OF: UNITED PARCEL SERVICE, INC.                                                                                                                                                                                                                                                                                                               | : |                                                                                                                                                                                                                                                                                                                                                   |
| LUCERO VAZQUEZ, AMAD HUSSAIN, JULIA KHAN, AS PARENT AND NATURAL GUARDIAN OF A.A., A MINOR, TAURELL FAVORS, AND ALEXIS HUMBLE                                                                                                                                                                                                                          | : | No. 30 EAP 2024                                                                                                                                                                                                                                                                                                                                    |
| v.                                                                                                                                                                                                                                                                                                                                                  | : | Appeal from the Order of the Superior Court entered on October 11, 2023, at Nos. 1746, 2343, 2421, 2426, and 2427 EDA 2022, vacating the Order of the Court of Common Pleas of Philadelphia County, Civil Division, entered on June 3, 2022, |

| | |
|---|---|
| Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FEDERAL EXPRESS CORPORATION, AND SIOUX TRUCKING, INC. | : at Nos. 211001768, 211201805,<br>: 211200570, and 211201583.<br>:<br>: ARGUED: March 4, 2025<br>:<br>:<br>: |
| APPEAL OF: UNITED PARCEL SERVICE, INC. | :<br>: |
| XUE-ZHEN CHEN, WEI-HUI HUANG, GUI-YING REN, ZHEN FENG, ZI WEI LI, SUKIE ZHENG AND SHENYUE CAO | : No. 31 EAP 2024<br>:<br>: Appeal from the Order of the |
| v. | : Superior Court entered on October<br>: 11, 2023, at Nos. 1746, 2343, 2421,<br>: 2426, and 2427 EDA 2022, vacating<br>: the Order of the Court of Common<br>: Pleas of Philadelphia County, Civil |
| FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON STOWERS, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOUR, INC., JAGUAR TICKET, INC. | : Division, entered on June 3, 2022,<br>: at Nos. 211001768, 211201805,<br>: 211200570, and 211201583.<br>:<br>: ARGUED: March 4, 2025<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| APPEAL OF: UNITED PARCEL SERVICE, INC. | :<br>:<br>: |
| XUE-ZHEN CHEN, WEI-HUI HUANG, GUI-YING REN, ZHEN FENG, ZI WEI LI, SUKIE ZHENG AND SHENYUE CAO | : No. 32 EAP 2024<br>:<br>: Appeal from the Order of the<br>: Superior Court entered on October |
| v. | : 11, 2023, at Nos. 1746, 2343, 2421,<br>: 2426, and 2427 EDA 2022, vacating<br>: the Order of the Court of Common<br>: Pleas of Philadelphia County, Civil |
| FEDERAL EXPRESS CORPORATION, FEDEX CORPORATION, RYDER TRUCK RENTAL, INC., RYDER SYSTEM, INC., SIOUX TRUCKING, INC., BRANDON | : Division, entered on June 3, 2022,<br>: at Nos. 211001768, 211201805,<br>: 211200570, and 211201583.<br>: |

STOWERS, UNITED PARCEL SERVICE, INC., UNITED PARCEL SERVICE, INC., PENSKE TRUCK LEASING COMPANY, L.P., PENSKE TRUCK LEASING CORPORATION, PENSKE AUTOMOTIVE GROUP, PENSKE CORPORATION, Z&D TOUR, INC., JAGUAR TICKET, INC.

:  ARGUED:  March 4, 2025
:
:
:
:
:
:
:
:
:
:

APPEAL OF: UNITED PARCEL SERVICE, INC.

:
:

## CONCURRING OPINION

**JUSTICE MUNDY**                                          **DECIDED: September 25, 2025**

I agree with the majority that the Superior Court's "'key witness' requirement finds no support in this Court's precedent and imposes an excessively high burden upon the defense[.]"  Maj. Op. at 11.  I further agree that, based on the totality of the circumstances and facts of record, the trial court did not abuse its discretion in transferring this matter from Philadelphia to Westmoreland County.  Thus, I concur.  I write separately to express my disagreement with the majority's overemphasis of, and overreliance on, both the number of witnesses identified by the defense and the distance those witnesses would be required to travel from Westmoreland County to Philadelphia.

In this Commonwealth, "[p]laintiffs have long been provided with the initial choice of the court in which to bring an action, if that court has jurisdiction."  *Bratic v. Rubendall*, 99 A.3d 1, 6 (Pa. 2014).  Defendants, however, are not left without an avenue to challenge a plaintiff's choice of venue.  The doctrine of *forum non conveniens* provides defendants with the ability to request a trial court transfer a matter from the plaintiff's chosen venue to one more convenient to the defendant.  Per Rule 1006(d)(1), "[f]or the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the

appropriate court of any other county where the action could originally have been brought." Pa.R.Civ.P. 1006(d)(1). In ruling on a change of venue petition, a trial court "must give deference to the plaintiff's choice of forum[.]" *Cheeseman v. Lethal Exterminator, Inc.*, 701 A.2d 156, 162 (Pa. 1997). In this regard, though Rule 1006(d)(1) is written in terms of convenience to the parties, this Court has stressed "that the defendant must show more than that the chosen forum is merely inconvenient to him." *Id.* Rather, in order to meet their burden to transfer venue, defendants must "demonstrat[e], with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Id.*

There is no suggestion that plaintiffs' choice to file the current actions in Philadelphia was "designed to harass" the defendants, which could support a finding of vexatiousness. *See id.* Therefore, defendants could only meet their burden for a change of venue "by establishing on the record that trial in [Philadelphia] is oppressive to [them]; for instance, that trial in [Westmoreland County] would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." *Id.* To this end the defendants identified a large number of witnesses who would have to travel over two hundred miles from Westmoreland County, where the accident precipitating the current litigation occurred, to Philadelphia. In support of their change of venue request, defendants provided affidavits from some of the identified witnesses detailing how traveling to Philadelphia would have a negative impact on their personal and professional lives. Important to the determination of whether to grant defendants' change of venue request, we have previously stated that "distance alone" is insufficient for defendants to carry their *forum non conveniens* burden. *Bratic*, 99 A.3d at 9.

Despite *Bratic's* clear statement that distance alone is insufficient to prove oppressiveness, the majority focuses in on the fact that the witnesses there would have had to travel over one hundred miles from their location in Dauphin County to Philadelphia, plaintiffs' chosen forum. Noting the one-hundred-mile distance in *Bratic*, the majority states "[a] distance of one hundred miles provides a valuable benchmark for distinguishing between oppressiveness and mere inconvenience." Maj. Op. at 32. The majority states "[t]his is not to say that a venue is always oppressive where witnesses must travel further than one hundred miles, nor does it mean that a shorter distance can never contribute to a finding of oppressiveness." *Id.* However, the majority goes on to say that "a distance of one hundred miles is a reasonable line" for a finding of oppressiveness. *Id.* at 33. Despite the majority's claims otherwise, too heavy a reliance on this new "benchmark" and "reasonable line" will no doubt transform distance from a factor that "is inherently part of the equation" but "[a]s with other factors insufficient on their own" and "not dispositive," *Bratic*, 99 A.3d at 9, to the *sine quo non* of *forum non conveniens* analysis. Distances of one hundred one miles would satisfy a defendant's oppressiveness burden while distances of ninety-nine miles would not. Such a mechanical, single-factor approach is not in line with the multi-factor approach in this Court's caselaw. *See Cheeseman*, 701 A.3d at 162 (listing easier access to witnesses or other sources of proof and the ability to conduct a view of premises involved in the dispute as proper factors); *Bratic*, 99 A.3d at 8 (when change of venue request involves transfer to a more distant county "factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant[.]" (internal citations omitted)).

Distance can no doubt impact these other factors, but, to reiterate, it is insufficient on its own.

Additionally, the majority's recitation of *Bratic's* statement that "as between Philadelphia and counties 100 miles away, simple inconvenience fades in the mirror and we near oppressiveness with every milepost of the turnpike and Schuylkill Expressway," Maj. Op. at 33 (quoting *Bratic*, 99 A.3d at 10), creates the impression that if the distance between a plaintiff's chosen forum and the location of the identified witnesses reaches the majority's one hundred mile "benchmark," oppressiveness can be presumed. That is not, and should not be, correct. Whether the distance is ten, one hundred, or one thousand miles, a defendant seeking to transfer venue based on *forum non conveniens* grounds must still demonstrate by clear and convincing evidence on record, via affidavits or other means, how that distance results in the plaintiff's chosen forum being oppressive rather than merely inconvenient. A finding of oppressiveness can never be presumed by distance alone and must always be based on the peculiar facts of the case.

Similarly, defendants are also unable to meet their burden to prove oppressiveness merely by identifying a certain number of witnesses that would potentially have to travel. While I agree the Superior Court's "key witness" requirement is not supported by our caselaw, that does not mean trial courts are unable to consider the content of the witnesses' potential testimony or what role they would play in the defendants' case. Merely identifying several witnesses with peripheral involvement in the case who would be required to travel a certain distance does not automatically render plaintiffs' chosen venue oppressive. In this sense, it is important to remember the issue is not whether the choice of venue is oppressive to the identified witnesses but, rather, whether the venue is oppressive to the defendants. The role the identified witnesses will play in the case

must be part of that analysis, including not just the quantity of witnesses but also the content of their potential testimony. Oppressiveness cannot be shown by simply piling a certain number of witnesses on the scale whose testimony would be cumulative of each other.

Lastly, trial courts should remember they are to give deference to plaintiffs' choice of venue. *Cheeseman*, 701 A.2d at 162. That deference includes consideration of how oppressive the defendants' proposed forum would be on the plaintiffs. For example, the present matter involves four sets of plaintiffs, residing in four states and China. Many reside in the New York City area, likely making Philadelphia a more convenient forum for them than Westmoreland County. The impact a change of venue would have on plaintiffs is a legitimate consideration in courts' *forum non conveniens* analysis.

With that being said, when ruling on petitions to transfer venue for *forum non conveniens*, trial courts "are vested with 'considerable discretion[,]'" *Bratic*, 99 A.3d at 7 (quoting *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1283 (Pa. 2006)). Appellate courts, therefore, review a trial court's decision for an abuse of discretion and "[i]f there exists any proper basis for the trial court's decision to transfer venue, the decision must stand." *Id.* (quoting *Zappala*, 909 A.2d at 1283). In my view this is a much closer case than the majority portrays it to be. *See* Maj. Op. at 41 ("this is not a particularly close case"). However, given the deference afforded the trial court's decision to transfer venue and all the facts of record, including that trial in Westmoreland County would facilitate any potential visit to the scene of the accident, *see Cheeseman*, 701 A.2d at 162 (ability to conduct a view of the premises a valid consideration in oppressiveness analysis), I conclude a proper basis exists for the trial court's transfer of

venue from Philadelphia to Westmoreland County and the trial court did not abuse its discretion in granting defendants' request.  In light of that fact, I am constrained to concur.

Justice McCaffery joins this concurring opinion.